On the trial at Mecklenburg, on the last circuit, before his Honor,Judge Dick, the deed in trust was produced and proved. It commenced in the following terms: "Know all men by these presents that I, Thomas Dwight, of the county of Mecklenburg, State of North Carolina, of the one part, and Alfred Hafner, of the other part, witnesseth: That the said Thomas Dwight, for and in consideration of ten shillings to him in hand paid, and also in further consideration of the benefit and trust hereinafter mentioned, have bargained and sold, and delivered unto the said Alfred Hafner, his heirs, executors, etc., the following property": And after enumerating many articles, all of personal property, it continued: "To have and to hold, unto the said M. W. Curry, his heirs and assigns forever, in trust and confidence for the purpose now mentioned," etc., and was signed and sealed by the said Dwight and the plaintiff Hafner.
His Honor was of opinion that the plaintiff could not, under this deed, sustain the action in his own name, and he was accordingly nonsuited, and appealed.
The authorities cited by the plaintiff's counsel show (571) clearly that the judge erred when he decided the plaintiff could not sustain an action of trover in his own name to recover the value of the articles mentioned in the deed, if they were converted by the defendants. Dwight, in the premises of the deed, bargained and sold the property to the plaintiff, his heirs, executors, etc. However, in the same deed, the habendum is to M. W. Curry, his heirs and assigns, in trust, etc. All the parts of a deed which precede the habendum, taken together, are called the premises, of which it is said the office is rightly to name the grantor and grantee, and to comprehend the certainty of the thing granted. But though the grantee should first be named in the habendum, the grant to him will yet be good, provided there was not another grantee named in the premises. Co. Lit., 26, b. note; or if there were, provided the estate given by the habendum to the new grantee was not immediate, but by way of remainder. The habendum part of a deed was originally used to determine the interest granted or to lessen, enlarge, explain or qualify the premises. But it cannot perform the office of divesting an estate already vested by the deed, for it is void if it be repugnant to the estate granted in the premises. 2 Bla. Com., 298; Goodtitle v. Gibbs, 5 Barn. Cress., 709; 4 Kents' Com., 468. Chancellor Kent remarks that in modern conveyancing the habendum clause in deeds has degenerated into a mere useless form, for the premises contain the names of the parties and the *Page 450 
specification of the thing granted, and the deed becomes effectual without any habendum. In the case before us, the whole interest in the property is granted and conveyed to the plaintiff in the premises of the deed. The same interest being afterwards limited in the habendum to Curry, makes that part of the deed repugnant to the premises, and therefore void. The judgment of nonsuit must be set aside, and a new trial granted.
PER CURIAM. Judgment reversed.
Cited: Midgett v. Brooks, 34 N.C. 148; Blackwell v. Blackwell,124 N.C. 271.
(572)