Daniel, J.
 

 The lessor of the plaintiff claimed title to the land in dispute under a deed to his grand-father, John Mason, from David Jones, dated in 1793. In the
 
 premises
 
 of the said deed, Jones appears to “ bargain, sell, set over and assign unto the said John Mason, a certain tract of land, &c.” The words “ and his heirs,” are not snperadded to the name of John Mason. The said words (his heirs,) are also wanting in the
 
 habendum
 
 clause of the deed. But the covenant of warranty in the said deed is thus: “I, David Jones, do covenant and agree to and with the said John Mason to warrant and forever defend the aforesaid premises from me, my heirs and assigns unto him the said John Mason,
 
 his heirs
 
 and assigns forever.” The words,
 
 heirs of
 
 
 *380
 

 the grantee,
 
 are in no part of the deed, except in the clause °f warranty. From what appears in the
 
 premises
 
 and
 
 hab-endnm
 
 of the deed, John Mason had but a life estate in the jan(j_ And a life estate is not enlarged into a fee, either by a warranty in fee, or by a covenant for quiet enjoyment to the grantee and his heirs.
 
 Den ex Dem. Roberts v Forsythe,
 
 3 Dev. Rep. 26.
 
 Seymour's case,
 
 10 Co. Rep. 97. The ancestor, John Mason, had but a life estate in the land; the lessor of the plaintiff therefore never had any interest in the same which he could lease.
 

 There are several circumstances stated in the case, from which, perhaps, it might be argued, that the defendant is estopped to deny the seizure in fee of John Mason. But we do not consider them at all, because the verdict is found subject to the opinion of the court on certain points, beyond which we have not thought ourselves at liberty to go.
 

 Pee Cueiam. Judgment affirmed.