Benj. Phelps on 2 October, 1872, executed a deed conveying the land in controversy to Berrick Norman. Following the recital of the consideration, etc., the deed contains the usual operative words of conveyance, "unto the said Berrick Norman, to him and his heirs and assigns forever, etc., etc. To have and to hold the said land and premises above described . . . to him the said Berrick Norman, to him, his heirs and assigns free, and discharged of any and all incumbrances in fee simple forever." Following the usual covenant of warranty are the words "and after the death of Berrick Norman and Moseller Norman, his wife, the lands and premises to descend to their heirs, Lad Wilkins, Ellick Wilkins and Susan Norman, and to be equally divided between the three heirs above mentioned." Berrick Norman and his wife named in the deed, are dead. The plaintiffs are the same persons (41) named in the last clause of the deed. The defendant is in possession. His Honor, upon the foregoing facts, was of opinion that plaintiffs were not entitled to recover and rendered judgment accordingly. Plaintiffs appealed.
We concur with his Honor. The entire estate, in unmistakable terms, is given the grantee both in the *Page 62 
premises and the habendum. The warranty is in harmony with the preceding parts of the deed; following the warranty there is introduced two entirely new clauses, both repugnant to the estate and interest conveyed. It is sought to make the wife of the grantee a tenant in common and limit the estate to the life of the grantee and his said wife and the survivor, giving, by way of remainder, the fee which had already been conveyed to the grantee, to the plaintiffs. The principle upon which such repugnant clauses in deeds has been disposed of by this Court, following the most approved text writers, is thus stated by Daniel, J., in Hafner v. Irwin, 20 N.C. 570; "In the case before us the whole interest in the property is granted and conveyed to the plaintiff in the premises of the deed. The same interest being afterwards limited in the habendum to Curry makes that part of the deed repugnant to the premises and therefore void."
That case was cited with approval by Faircloth, C. J., in Blackwellv. Blackwell, 124 N.C. 269, saying: "In the premises, the fee is conveyed to the plaintiff, and afterwards a life estate to the defendant in the same lands. If the first intent, expressed in apt language and (42) repeated in the warranty clause is to be observed, then there is nothing left to satisfy the intent in the last clause." It is an elementary maxim that when there are repugnant clauses in a deed, the first will control and the last be rejected. In the case of Blair v.Osborne, 84 N.C. 417, it will be noted that the introduction of the children in the habendum did not affect the estate or interest conveyed in the premises. Ashe, J., says that it is clear that the mother, grantee, took only a life estate by the language in the premises. It was sought to so construe the habendum that the children, introduced for the first time, should be adjudged tenants in common with her. This the Court declined to do, but permitted the children to take in remainder after the expiration of the mother's life estate. In our case the plaintiffs can take only by rejecting the words of inheritance in the premises and habendum, thus cutting down the estate of the grantee from a fee simple to a life estate. The authorities are uniform that this cannot be done. The learned counsel for the plaintiff cites Rowland v. Rowland, 93 N.C. 214. In his well considered opinion, Mr. Justice Ashe puts our ease, saying: "Blackstone, in his Commentaries, vol. 2, p. 298, has said that the office of the habendum
is to lessen, enlarge, explain or qualify the premises, but not to contradict or be repugnant to the estate granted in the premises. And to illustrate what is meant by the repugnancy which will render the habendum
nugatory, he puts the case where, in the premises the estate is given to one and his heirs, habendum to him for life, for an estate of inheritance is vested in him before the habendum *Page 63 
comes, and shall not afterwards be taken away and divested by it." The deed in that case upon which the decision is based is essentially different from ours. We have considered the case upon the assumption that the clause under which plaintiffs claim contains apt words to convey an estate in remainder. This, however, is by no means clear. While we are advertent to the general rule that the Court will by an examination of the entire deed, seek, and, if found, effectuate the intention of the grantor, we must keep in view the other rule that when rules (43) of construction have been settled, it is the duty of the Court to enforce them, otherwise titles are rendered uncertain and insecure.Merrimon, J., in Leathers v. Gray, 101 N.C. 162, gives expression to the principle and the reason upon which it is based. "When a testator employs words and phrases to express his intention in the disposition of his property, by will, that have a well known legal or technical meaning, he must be deemed to have used them in such sense in defining and limiting the estate disposed of, unless he shall, in some appropriate way, to some extent, to be seen in the will, have qualified or used them in a different sense. And so, also, if the use of such words bring his attention so expressed, within a settled rule of law, the latter must prevail, although the effect may be to disappoint the real intention of the testator. Otherwise technical words would have no certain meaning or effect, and the rule of law would be subverted in order to effectuate the real intention of the testator, unexpressed or imperfectly expressed. It is said, however, that the real intention recognized and enforced by the law, is that expressed in the will, and this is to be ascertained by a legal interpretation of the language employed to express it."
The judgment must be
Affirmed.
Cited: Bryan v. Eason, 147 N.C. 289; Fortune v. Hunt, 152 N.C. 717;In re Dixon, 156 N.C. 28; Midgett v. Meekins, 160 N.C. 45; Jones v.Whichard, 163 N.C. 246; McCallum v. McCallum, 167 N.C. 311; Lee v.Oates, 171 N.C. 727. *Page 64