This is a proceeding for the sale of land for partition. Trial by jury was waived, all parties agreeing that the court should find the facts and render judgment. The following facts and conclusions of law are set forth in the record:
1. Kenion Barefoot and Mary A. Barefoot, his wife, executed to Moses W. Barefoot a certain deed (duly probated and registered), which is as follows: *Page 109 
STATE OF NORTH CAROLINA — Sampson County.
This deed made this 21st day of December, 1881, by Kenion Barefoot and wife, Mary A. Barefoot, of Sampson County, and State of North Carolina, of the first part, to Moses W. Barefoot, of Harnett County and State of North Carolina, of the second part:
Witnesseth: That said Kenion Barefoot and wife, Mary A. Barefoot, in consideration of the sum of six hundred and twenty-five dollars to them paid by said Moses W. Barefoot, the receipt of which is hereby acknowledged, have bargained and sold and by these presents do bargain, sell and convey unto said Moses Barefoot and his heirs all the right, title, interest and estate of the party of the first part in and to a tract of land in Harnett and Cumberland counties, State of North Carolina, adjoining the land of D. Lee and Kenion as a part of the Killing land and others, bounded as follows, viz.:
Beginning at Delaney Lee's corner in A. F. Tart's line; thence with her line S. 18 W. 8 chains 70 links to her corner; thence S. 77 E. 2 chains 75 links between a pine and sweet gum, then direct to a persimmon tree on the crook of the land fence south of the crook in the fence and ginhouse; thence the same course as last line to the run of Mingo a line beginning 7 chains 75 links west of the stake and large red oak, runs S. by the cemetery to the run of Mingo striking the line from the persimmon tree to the swamp, but should the line from the persimmon tree reach the run of said swamp then and in that case the line is to run up said swamp until it reaches said line running south, thence said line true north the line running west from the oak; thence west to the beginning, containing 100 acres, more or less. It being the intention of the above-named grantor to convey to Moses W. Barefoot and wife, Zilphia D. Barefoot and estate during their natural lives or the life of the survivor to their use and benefit without punishment of any sort, and after their joint life estate shall have been determined the death of said joint tenants and survivors of them then the said land or any part thereof is intended to belong in fee simple to the children of said Moses W. Barefoot, Z. D. Barefoot, all that they may have hereafter.
To have and to hold the aforesaid tract of land and all privileges and appurtenances thereto belonging to said M. W. Barefoot, his heirs and assigns to their only use and behoof forever. And the said Kenion Barefoot and wife covenant that they are seized of said premises in fee and have a right to convey the same in fee simple; that the same are free from all encumbrances; that they will warrant and forever defend the said title to the same against the claims of all persons whatsoever.
I, Kenion Barefoot, do except the use of said land as long as he seeth fit to use it, but this exception extends to no other person. *Page 110 
In testimony whereof said K. Barefoot and M. A. Barefoot have hereunto set their hands and seals the day and year above written.
KENION BAREFOOT. (Seal.)
M. A. BAREFOOT. (Seal.)
 Attest: K. E. BAREFOOT. S. BAREFOOT.
2. The deed of Kenion Barefoot referred to in the first finding of fact sufficiently describes the land therein mentioned to locate and identify the same. This finding is based upon the deed which was offered in evidence.
3. The petitioners contend that by said paper-writing the grantors conveyed to Moses W. Barefoot and Zilphia D. Barefoot an estate for their natural lives in the lands described in said paper-writing, and that the remainder was conveyed to the children of said Moses W. Barefoot and wife, Zilphia D. Barefoot, in fee simple.
4. The defendants contend that the paper-writing describes no land capable of being located or identified. They further contend that if any land is described and conveyed therein, that it was conveyed to Moses W. Barefoot in fee simple, at least that Moses W. Barefoot was given the power of alienation of said land.
5. That Kenion Barefoot and Mary A. Barefoot, his wife, were the parents of Moses W. Barefoot; that Zilphia D. Barefoot was the wife of Moses W. Barefoot, and that the feme plaintiff is the child of said Moses W. Barefoot and his wife, Zilphia Barefoot.
6. That Moses W. Barefoot died intestate on 29 April, 1921; that Zilphia D. Barefoot is still living; that this action was commenced by summons issued on 21 August, 1926; that there were born of said marriage of Moses W. Barefoot and wife, Zilphia D. Barefoot, five children, who survive them, to wit, the feme plaintiff, Susan Anna Lee, the defendant, R. M. Barefoot, Claudia Weeks, Jerome Core, and Mary Jackson.
7. That Moses W. Barefoot and wife, Zilphia D. Barefoot, on 5 November, 1892, and 7 December, 1892, executed and delivered to L. J. Best two mortgages conveying by the same description the lands described or attempted to be described in the deed of Kenion Barefoot and wife to Moses W. Barefoot above referred to, which mortgages were duly registered.
8. That thereafter the said two mortgages were duly foreclosed by sale of the land under powers of sale contained in said mortgages, and the land was conveyed by the same description to H. W. Jernigan by deed dated 12 April, 1897, which deed was duly recorded in Book 164, page 227, office of the register of deeds of Harnett County. *Page 111 
9. That the defendants, other than Zilphia D. Barefoot, by direct or mesne conveyances from H. W. Jernigan and Moses W. Barefoot and wife, Zilphia D. Barefoot, acquired the interest of Moses W. Barefoot and wife, Zilphia D. Barefoot, in the lands described in the deed set out in paragraph one above.
CONCLUSIONS OF LAW.
Upon the foregoing facts the court is of the opinion and concludes that the deed of Kenion Barefoot referred to in the first finding of fact sufficiently describes the land therein mentioned to locate and identify the same.
(2) By the deed referred to in the first finding of fact Moses W. Barefoot and Zilphia D. Barefoot, his wife, acquired a life estate in said lands, and their children the remainder.
(3) That Susan Anna Lee, subject to the life estate of Zilphia D. Barefoot, is the owner in fee simple of an undivided one-fifth part of said land.
(4) That the defendants, other than Zilphia D. Barefoot, own the life estate of Zilphia D. Barefoot, and an undivided four-fifths of the remainder.
(5) That an actual partition of the said lands cannot be made without injury to some or all of the parties interested.
It is thereupon ordered that Messrs. J. C. Clifford and A. A. McDonald be, and hereby are appointed commissioners of the court to advertise said land in some newspaper published in Harnett County, once a week for four weeks, and by posting notice of said sale at the courthouse for 30 days immediately preceding the day of the sale, and to sell the same at public auction to the highest bidder for cash at the front door of the Municipal Building in the town of Dunn, in said county, on such date as the commissioners may fix or appoint in the advertisement of said sale, and report their action in the premises to the clerk of this court for confirmation or other appropriate orders, in accordance with law and the usual practice of the court.
Defendants excepted and appealed upon error assigned.
The errors assigned by the appellants impeach the sufficiency of the description in the deed to Moses Barefoot, the court's ruling as to the quantity of the estate conveyed by the deed, and the conclusion that actual partition of the land cannot be made without injury to the parties. *Page 112 
The appellants claim title to the land in controversy under the deed from Kenion Barefoot and his wife to Moses Barefoot; but we need not pause to inquire whether they are in a position to assert that the description in this deed is vague, uncertain, and void.
We do not understand the first conclusion of law to mean that the description is of itself sufficient to identify the land without the aid of parol evidence. When land is described by metes and bounds parol evidence is generally offered to identify corners, courses, lines, and natural objects; and when location as well as title is a point in issue such evidence is practically indispensable. The conclusion referred to, as we construe it, means only this: the description in the deed is not so indefinite as to require the trial court to withhold from the jury the question of location when supported by competent evidence tending to identify the boundaries and "to fit the description to the thing." It is a general rule that when title to land depends upon the sufficiency of the description the deed shall be upheld if possible, and shall be declared void only when the description is so vague or contradictory that it cannot be told what thing in particular is meant. Proctor v. Pool, 15 N.C. 370. Descriptive words, it is held, shall operate according to the intent of the parties in order to rectify manifest errors; and when there is a discrepancy between the course and more certain descriptions in the deed, the former must yield to the latter. Cooper v. White, 46 N.C. 389; Ipockv. Gaskins, 161 N.C. 673; Penny v. Battle, 191 N.C. 220; Bissette v.Strickland, ibid., 260; Craven County v. Parker, 194 N.C. 561. A controversy as to what lines constitute the boundaries of land involves a question of law; a controversy as to where they are must be settled by the jury under correct instructions based upon competent evidence. Sherrod v.Battle, 154 N.C. 345; Sugg v. Greenville, 169 N.C. 606.
These principles sustain the ruling of the lower court. The beginning corner and the first three calls, it is admitted, are sufficiently definite; the fourth is along a line to the run of Mingo; and the calls which follow it, while somewhat obscure, are not so indefinite as to preclude identification by parol evidence.
The second assignment of error is addressed to the construction of the Kenion Barefoot deed — the question being whether Moses Barefoot took an absolute estate in fee or whether he and his wife took an estate "during their natural lives and during the life of the survivor." Specifically stated, the question is whether the clause purporting to convey a life estate to these two is void because repugnant to other clauses which purport to convey the fee to Moses Barefoot.
At common law a clause was held to be void if it was repugnant to and irreconcilable with a preceding clause by which an estate was vested *Page 113 
in the grantee. Quite a number of our earlier decisions adhered strictly to this doctrine. For example, in the premises of a deed the grantor purported to convey an estate in fee to A., but in habendum to C., and his heirs; it was held that the habendum could not divest an estate already vested by the deed, and that it was void because repugnant to the estate granted in the premises — the premises being all parts of the deed which precede the habendum. Hafner v. Irwin, 20 N.C. 570. So in Snell v. Young, 25 N.C. 379. There the premises and the habendum which conveyed an estate for life were followed by a warranty of the fee, but it was said that a life estate could not be enlarged into a fee either by a warranty in fee or by a covenant for quiet enjoyment to the grantee and his heirs. The deed under consideration in Blackwell v. Blackwell, 124 N.C. 269, purported in the premises, in the habendum, and in the warranty clause to convey the fee to Lelia E. Blackwell, and in the conclusion it purported to convey a life estate to John Blackwell. It was held that the clauses were repugnant and that the last was void. The decision in Hafner v. Irwin, supra, was followed in Wilkins v. Norman, 139 N.C. 40.
The foregoing cases illustrate the principle as applied at common law; but in Triplett v. Williams, 149 N.C. 394, the common-law doctrine was materially modified. In the premises of the deed then before the court, John Greenwood had conveyed the land in controversy "unto the said Margaret Greenwood and her heirs forever," and the premises were followed by the habendum to "Margaret Greenwood during her natural life," etc. The repugnancy of these clauses is as marked as that which appears in Snell v.Young, supra. Yet in Triplett's case the Court said: "It is true, as contended, that according to the common law, as followed in previous decisions of this Court, the plaintiff acquired a fee simple in the premises of the deed which could not be divested by the habendum. The habendum part of a deed was originally used to determine the interest granted, or to lessen, enlarge, explain or qualify the premises, but it was not allowed to divest an estate already vested by the deed, and was held to be void if repugnant to the estate vested by the premises. 2 Black. Com., 298; 4 Kent. Com., 468; Hafner v. Irwin, 20 N.C. 570. We concede all that is contended for as to the common-law rule of construction, and that it has been followed in this State. But this doctrine, which regarded the granting clause and the habendum and tenendum as separate and independent portions of the same instrument, each with its especial function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed *Page 114 
intention of the grantor, and does not regard as very material the part of the deed in which such intention is manifested."
This "liberal and enlightened rule of construction" has been approved in an unbroken line of cases from Acker v. Pridgen, 158 N.C. 337, in which the Court was asked to overrule its decision in the Triplett case, toTankersley v. Davis, 195 N.C. 542, in which Brogden, J., citing Triplettv. Williams, said: "The inevitable trend of modern authority is to the effect that a deed must be construed in its entirety in order to ascertain the intention of the parties thereto, and neither `antiquated technicalities' nor strained construction is permitted to nullify the intention of the grantor."
The primary purpose is to ascertain the intention of the parties. To this end, as was said in Brown v. Brown, 168 N.C. 4, we have well-nigh discarded the technical rules of the common law and have enlarged our view and liberalized our methods with the evident purpose of doing justice by revealing the truth and not by concealing it behind ancient and threadbare forms; and where technical rules are not discarded they must generally yield if, in their application, they will disappoint or defeat the expressed intention. Springs v. Hopkins, 171 N.C. 486; Shephard v.Horton, 188 N.C. 787. In Davis v. Frazier, 150 N.C. 451, appears this statement: "It is an undoubted principle that a `subsequent clause irreconcilable with the former clause and repugnant to the general purpose and intent of the contract will be set aside.' This was expressly held inJones v. Casualty Co., 140 N.C. 262, and there are many decisions with us to like effect; but as indicated in the case referred to and the authorities cited in its support, this principle is in subordination to another position, that the intent of the parties as embodied in the entire instrument is the end to be attained, and that each and every part of the contract must be given effect, if this can be done by any fair or reasonable interpretation; and it is only after subjecting the instrument to this controlling principle of construction that a subsequent clause may be rejected as repugnant and irreconcilable. Jones v. Casualty Co., supra;
Lawson on Contracts, secs. 388, 389; Bishop on Contracts, secs. 386, 387." And in Meroney v. Cherokee Lodge, 182 N.C. 739: "The modern doctrine, that a deed must be construed as a whole, or by spreading it out before us so that we see it by its four corners, was adopted by us many years ago, one of the earlier cases being Kea v. Robeson, 40 N.C. 373, which was later followed by Gudger v. White, 141 N.C. 507, where the rule was exhaustively considered and the former cases fully cited. It was there said that we are required by the settled canons of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational *Page 115 
purpose in the language and provisions of the deed, and to construe it consistently with reason and common sense."
Whether the deed before us was partly written and partly printed does not appear. Shephard v. Horton, supra. But the intention is clearly expressed. The grantor's sole purpose was to convey to Moses Barefoot and his wife nothing more than an estate during their natural lives and to the survivor during his or her natural life. This intention should not be defeated by words used in the first part of the premises and in the habendum which are technically sufficient to convey the fee to Moses Barefoot; for effect can be given the intention by a fair and reasonable construction of the deed. The asserted repugnancy between the conveyance of the title in fee to Moses and the expressed intention to convey it to him and his wife for life is more apparent than real. If it be granted that he holds the legal title it does not follow that his wife has no beneficial interest in the land. He holds the title "to their use and benefit without punishment." It was the purpose of the statute of uses to transfer the use into possession by providing that wherever one person was seized of an estate for the use of another, the cestui que use should be deemed to be seized and possessed of the same estate in the land that he had in the use.Tyndall v. Tyndall, 186 N.C. 272. The apparent repugnancy can be reconciled by construing the deed as conveying to Moses Barefoot for the use and benefit of himself and his wife an estate during their natural lives and to the survivor during his or her natural life with remainder after the death of the survivor to their children in fee. The objection that this construction requires the transposition of words is without merit. By one of the recognized canons of interpretation such transposition is not only permissible but is frequently necessary. In Parkhurst v. Smith, Willes Rep., 332, Lord Chief Justice Willes observed "that too much regard is not to be had to the natural and proper signification of words and sentences to prevent the simple intention of the parties from taking effect, for the law is not wise in grants, and therefore it doth oftentranspose words, contrary to their order, to bring them to the intent of the parties." Approved in Bunn v. Wells, 94 N.C. 67, this principle has been applied also in many other cases, among them Phillips v. Davis,69 N.C. 117; Phillips v. Thompson, 73 N.C. 543;Allen v. Bowen, 74 N.C. 155; Hicks v. Bullock,96 N.C. 164; Smith v. Proctor, 139 N.C. 314; Real Estate Co. v.Bland, 152 N.C. 225. This construction excludes the application of the principle stated in Redding v. Vogt, 140 N.C. 562, and gives effect to the plain intention of the parties.
The appellants contend that the words "then the said land or any partthereof is intended to belong in fee simple to the children" gave to Moses Barefoot and his wife the right of alienation, and cite Herring v.Williams, 153 N.C. 231, as authority for this position; but upon a *Page 116 
rehearing the decision on this point was reversed. S. c., 158 N.C. 1. See, also, Miller v. Scott, 184 N.C. 556; Burwell v. Bank, 186 N.C. 117;White v. White, 189 N.C. 236; Roane v. Robinson, ibid., 628.
In reference to the third assignment of error the appellee says in her brief that the question of improvements was not presented for decision at the hearing, but was first raised in the answer which was filed only a few days before the appeal was perfected, and that the expediency of a sale was not contested. Whether a sale will best subserve the interest of the parties is a question of fact for the trial judge; and the right to insist upon compensation for improvements is not necessarily foreclosed by the judgment. Pritchard v. Williams, 181 N.C. 46.
The judgment of the Superior Court is
Affirmed.