### SADIE BOOMER v. Z. Z. GRANTHAM.

(Filed 28 September, 1932.)

**Deeds and Conveyances C c—Deed in this case held to convey life estate only.**

> Where by an examination of a deed it clearly appears from the many restraining expressions contained therein that the grantor intended to convey a life estate only it will be so construed although the deed does not use the language ordinarily employed to convey such an estate. C. S., 991.

APPEAL by plaintiff from *Sinclair, J.,* at November Term, 1931, of CRAVEN.

Civil action to remove cloud from title, and to have the plaintiff declared the owner in fee of a tract of land in Craven County.

On 28 October, 1920, John A. Boom conveyed the *locus in quo* to Sadie Boomer by deed containing the following expression: in the premises, "doth bargain, sell and convey to Sadie Boomer"; immediately following the description, "sold onley to Sadie Boomer without aney Heirs connection with it"; in the habendum, "to the said Sadie Boomer. No heirs and assigns in fee simple forever"; in the warranty, "covenants with said party of the second, No heirs and assigns."

On 12 July, 1924, John A. Boom *et al.,* conveyed the remainder in said land to the defendant, Z. Z. Grantham, by deed containing the following reference immediately after the description: "Being the same which was conveyed by the party of the first part herein to Sadie Boomer by deed recorded in the records of Craven County, in Book 239, page 31, for the life time of the said Sadie Boomer."

The judgment declares the defendant to be the owner in fee subject only to the life estate of the plaintiff, the jury having found that there was no mistake of the draftsman in preparing the deed of 28 October, 1920, from Boom to the plaintiff.

*Ward & Ward for plaintiff.*
*W. B. R. Guion and H. P. Whitehurst for defendant.*

STACY, C. J. It is provided by C. S., 991, that when real estate is conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word "heirs" is used or not, unless such conveyance, in plain and express words, shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity. *Triplett v. Williams,* 149 N. C., 394, 63 S. E.,

79. This statute has the same effect upon conveyances as C. S., 4162 has upon devises. *Holt v. Holt,* 114 N. C., 241, 18 S. E., 967.

That the grantor in the deed under which the plaintiff claims intended to convey only a life estate is manifest from the many restraining expressions contained therein. *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 547. His Honor so held, and the correct result has been reached.

Plaintiff's deed was drawn upon a printed form prepared for fee-simple conveyances with usual covenants and warranty. In the blank spaces, appearing in the printed form before the word "heirs," usually filled in with the word "his" or "her," the draftsman inserted the word "no," making the context read "no heirs." And to make "assurance doubly sure," he added after the description the words: "sold onley to Sadie Boomer without aney Heirs connection with it." It is clear that this deed was intended to convey only a life estate.

We have not considered the alleged defects in the record, or case on appeal, arising upon the defendant's motion to affirm, as the same result must follow in either case.

No error.