CITY OF GASTONIA, ORIGINAL PLAINTIFF AND PAUL MAUNEY, MORRIS D. McMANAMA AND WIFE, MILDRED F. McMANAMA, AND NEIL YOUNG AND WIFE, SUE P. YOUNG, INTERVENING PLAINTIFFS, v. GEORGE PARRISH; AND HUGH W. JOHNSTON AND WIFE, AUDREY S. JOHNSTON, DEFENDANTS.

(Filed 11 October, 1967.)

1. **Evidence § 26—**

    Where it is shown that a municipal zoning ordinance map has been lost and could not, after due and diligent search, be found, it is competent to permit the introduction in evidence of a map made by a tracing process (Kronaflex), established by oral testimony as an accurate copy of the lost original.

2. **Municipal Corporations § 34—**

    Where a municipality introduces evidence that its council unanimously adopted a zoning ordinance and that it was later printed in book form and certified by the city clerk, there is a presumption in favor of the validity of the ordinance and the burden is upon the complaining property owner to show its invalidity or inapplicability. G.S. 160-272.

3. **Evidence § 22—**

    An engineer who has made an actual survey of the area may use a map of the property to illustrate his testimony.

4. **Municipal Corporations § 25—**

    A civil engineer may testify from a survey made by him that the property in question lay within one mile of the city limits of the municipality in question.

5. **Same—**

    A property owner with personal knowledge of the property lines of nearby property and of the boundary lines of the city limits may testify that such other property was within a mile of the city limits.

6. **Municipal Corporations § 34—**

    A municipality may restrain the use of property in violation of its valid zoning ordinances. G.S. 160-179.

**7. Same; Criminal Law § 1—**

In a prosecution for violation of a municipal zoning ordinance, evidence that other violators of the ordinance had not been prosecuted is properly excluded, since it is no defense that others have not been penalized or the law not enforced as to them.

**8. Municipal Corporations § 34—**

A municipality's evidence tending to show the valid adoption of a municipal zoning ordinance, that the lands of defendant lay within a zone restricted to residential use in which fences of a height of more than four feet on the frontage were prohibited, and that defendant was using his premises for a junk yard surrounded by a fence in excess of the maximum height permitted, *held* sufficient to overrule nonsuit in the municipality's action to enforce the ordinance.

APPEAL by plaintiff, City of Gastonia, from *McLean, J.,* 9 January 1967, Civil Session, GASTON Superior Court.

The City of Gastonia instituted this action, and the additional plaintiffs were, upon their motion, permitted to intervene. They have done so and have adopted the pleadings filed by the City.

The allegations of the complaint are summarized below:

On 5 January 1965, the plaintiff, through its City Council, duly adopted a new zoning ordinance which designated the uses to which the various sections of the City could be put. It included the corporate limits of the City and the perimeter of one mile beyond the limits. Those sections zoned R-15 were restricted to residential use and prohibited the establishment and maintenance of business enterprises therein. The use of fences more than four (4) feet in height was forbidden.

The defendants, Hugh W. Johnston and wife, are the owners of a tract of land lying within the one-mile perimeter, and it has been rented to the defendant Parrish and is being used by him as a junk yard. He has constructed a fence some seven (7) to eight (8) feet in height which surrounds the property. The defendants were notified that this use of the property was in violation of the zoning ordinance and were ordered to desist.

Upon their refusal to do so, this action was instituted to compel observance of the ordinance, the City seeking a mandatory injunction to forbid the further use of the property in violation of the zoning law.

The defendants denied practically all of the City's material allegations, and issues were joined.

At the trial, the City offered evidence tending to support the allegations, but at the conclusion thereof the Court sustained the defendants' motion for judgment as of nonsuit, and the plaintiff appealed.

*J. Mack Holland, Jr., and Charles D. Gray, III, Attorneys for City of Gastonia, plaintiff appellant.*

*Childers and Fowler by H. L. Fowler, Jr., Attorneys for defendant appellees.*

PLESS, J.  In order to prevail, plaintiff must first show that the zoning ordinance of 5 January 1965 was legally adopted by the Gastonia City Council and that it is valid. Taken in the light most favorable to it, it has offered evidence which tends to show:

That the ordinance (Plaintiff's Exhibit A) was unanimously adopted by the Council 5 January 1965, which was later printed in book form and was certified by the City Clerk;

The ordinance made a map showing the zoned territory a part of it;

The above map has been lost and cannot, after due and diligent search, be found;

A map made by a tracing process which is called Kronaflex (Exhibit A-2) was introduced as substantive evidence upon oral testimony that it was an accurate copy of the lost original map;

This map showed the zoned territory, and the type of zoning, of the City of Gastonia and a perimeter extending one mile outward from the city limits.

The map was properly admitted under the best evidence rule. "Evidence that a record or document had been lost and could not be found after due diligence or had been destroyed, is sufficient foundation for the admission of secondary evidence thereof, either by introducing a properly identified copy thereof, or parol evidence of its contents." 2 Strong's N. C. Index, Evidence, § 26.

G.S. 160-272 provides that all printed ordinances duly certified by the town clerk shall be admitted in evidence in all courts; and "(w)hen it is shown that a zoning ordinance has been adopted by the governing board of a municipality, there is a presumption in favor of the validity of the ordinance and the burden is upon the complaining property owner to show its invalidity or inapplicability. *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870." *Helms v. Charlotte,* 255 N.C. 647, 122 S.E. 2d 817.

Upon the evidence summarized above and upon the authorities cited, we hold that the ordinance was properly admitted and is presumed to be valid.

The next requirement of the plaintiff is that it show that the property owned by the defendants, Hugh W. Johnston, and wife, and now rented by them to their co-defendant George Parrish, lies within the zoned area.

The ordinance provides (Section 25-50):

"Territory within perimeter.

"This ordinance shall be applicable not only within the corporate limits of the City but also within the territory beyond the corporate limits, as now or hereafter fixed, for a distance of one (1) mile in all directions."

The ordinance also included the following provisions:

"Within the R-15 . . . zones . . . the following regulations shall apply:

"(a)   Permitted uses:

"(1)   Single-family dwellings."

It also permits other uses not applicable here.

Another provision of the ordinance is: "No building or land shall be used or occupied . . . except in conformity with the regulations herein for the zone in which it is located."

Another provision was: "No fence more than four (4) feet in height shall be permitted in a front yard," and one more than six feet high is forbidden.

The City offered the evidence of Samuel L. Wilkins, City Engineer of Gastonia, who testified that he graduated from North Carolina State University with a B.S. degree in Civil Engineering; that he began part-time surveying in 1958 and has continued to survey periodically since that time; that on 6 January 1967 he measured from the city limits to the Johnston property and found that it was 3,789.92 feet from the city limit points on the Shannon-Bradley Road to the northeast property line of the defendant. He testified that the defendants' property was within the one-mile perimeter and that the map marked Exhibit A-1 fairly and accurately represents the same area and the same lines and markings as Plaintiff's Exhibit A-2. The latter had already been properly admitted as substantive evidence. *McKay v. Bullard*, 219 N.C. 589, 14 S.E. 2d 657. This evidence rendered the map A-1 competent for illustrative purposes, at least. At this point the record is not entirely clear as to the ruling of the Court, but it appears that the map was admitted for illustrative purposes.

The testimony of Morris D. McManama was that he owns the Hospitality Motel which lies beyond the city limits but is within the zoned perimeter; that his motel is approximately six hundred feet west of the Shannon-Bradley intersection and has about two hundred four feet of frontage on the south side of the Kings Mountain Highway; that he is familiar with the zoning ordinance and that his motel is in an R-15 Single Family Residential Zone. "The zoning classification for property one thousand feet west of the Hospitality Motel . . . is R-15 Single Family Residential Zone.

. . . The western line of my property is the eastern line of the adjoining property belonging to the Defendants . . . The physical improvements and general layout of the Defendant's property can be described as follows: It is a three-cornered tract on the south side of the Kings Mountain Highway. It has a frontage of approximately 550 feet along the road, runs about 300 feet on the east side and follows the creek from there to the road, . . ." The above evidence was admitted without objection and shows that the defendants' property occupies five hundred fifty (550) feet of the road frontage west of the witness' while the zoning regulations extend one thousand (1000) feet in that direction.

The evidence of Mr. Wilkins was competent since he was testifying as to the result of a survey made by him, and the testimony of Mr. McManama was competent since he had personal knowledge of the location of the defendants' property and the limits of the zoned area.

In *Gahagan v. Gosnell*, 270 N.C. 117, 153 S.E. 2d 879, the surveyor was permitted to testify that the plaintiff's lands lie west of a line shown on the map and that the lands of the defendant lie to the east of the line. In *Berry v. Cedar Works*, 184 N.C. 187, 113 S.E. 772, similar evidence was held to be "of a substantive fact which was not incompetent on the ground that the witness invaded the province of the jury."

In *Etheridge v. Wescott*, 244 N.C. 637, 94 S.E. 2d 846, the Court said: "It is competent for a witness to state whether or not a deed or a series of deeds cover the lands in dispute when he is stating facts within his own knowledge," and such testimony does not invade the province of the jury.

Mr. McManama also testified that the defendants' property "has a fence made of vertical boards . . . being from eight to ten feet in height . . . — in a ragged height; they are not even. Then it continues as a wire fence to the property line approximately eight feet high. . . . [A]bout a month after the fence was built, there were three wrecked automobiles put on the property. As of Thursday of last week, there were fifteen wrecked automobiles on the property. . . . I have seen him [Parrish] working on the cars out there — moving in and out . . . parking them and working on them — taking parts out. The cars located on the Defendant's property in question were wrecked automobiles."

The General Assembly of 1949 (Chapter 700) authorized the City of Gastonia to pass zoning ordinances covering the area within one mile of the city limits, and the first zoning ordinance was adopted by the City under its authority. This act was amended in 1963 (Chapter 486), but it did not change the provisions regarding

the one-mile zoning jurisdiction outside the corporate limits, and the 1965 ordinance is authorized by both acts.

G.S. 160-179 provides that where any land is used in violation of any zoning ordinance, the municipal authorities may institute an action to restrain the violation.

The defendants attempted to show by the cross examination of the plaintiff's witnesses that in some two or three instances zoning regulations had not been enforced or that they were being violated and that the City had taken no action to stop the violators. The plaintiff's objections to the questions of this type should have been sustained. It is no defense to a criminal charge nor to one of this type that others have not been penalized or the law enforced as to them. To permit evidence of other violations would result in the trial of their merits rather than the proper determination of a case then being tried.

In *State Bar v. Frazier,* 269 N.C. 625, 153 S.E. 2d 367, the respondent complained "that he had been singled out for prosecution; that others have been guilty of unethical conduct who have not been punished . . . and, in effect, because all have not been prosecuted and punished, he should not be. . . . The fallacy of this position is apparent from a statement of his contentions." By analogy it may be said here that it is no defense to the defendants' alleged violation of the zoning ordinance that action has not been taken as to other violators.

The plaintiff's evidence, as outlined herein, tends to show that a valid zoning ordinance included the defendants' property which is being used in violation of it. This makes a case for the jury and will, if accepted, support the remedy sought by the City.

There was ample evidence to repel the motion for nonsuit. Granting it was error. There must be a

New trial.