TOWN OF MOUNT OLIVE v. HUBERT PRICE

No. 738SC652

(Filed 27 December 1973)

1. **Municipal Corporations § 30— zoning ordinance — presumption of validity**

   A zoning ordinance is presumed valid and the burden is on the party alleging invalidity to prove that the ordinance is unreasonable and arbitrary.

2. **Appeal and Error § 42— evidence omitted — presumption as to findings**

   When the evidence is not in the record it is presumed that the court's findings are supported by competent evidence and they are conclusive on appeal.

3. **Municipal Corporations § 30— zoning ordinance — necessity for recordation**

   It was not necessary for a municipal zoning ordinance adopted prior to 1 January 1972 to be recorded in the office of the register of deeds in the county in order to become effective. G.S. 160A-2; G.S. 160A-364.

APPEAL by defendant from *Martin (Perry), Judge,* at the 7 May 1973 Civil Session of WAYNE Superior Court.

This is a civil action for the enforcement of the mobile home provisions of the Zoning Ordinances of the Town of Mount Olive. On 29 January 1973, Judge Perry Martin entered an order that defendant was in violation of the ordinance by moving a

mobile home onto his property at 314 North Church Street in the Town of Mount Olive. Judge Martin continued the ruling on the injunction until the matter could be heard on the merits. On 30 April 1973 defendant filed a motion for summary judgment which motion was denied. The hearing on the merits was held before Judge Perry Martin on 7 May 1973. However, there is no record of the plaintiff's evidence. The appellant assigns this omission to the fact that a court reporter was only present to take the testimony of Mrs. Price, the defendant's wife. The judgment of the trial court reads as follows:

"THIS CAUSE coming on to be heard and being heard before his Honor Perry Martin, Judge presiding over the Courts of the Eighth Judicial District, at the May 7, 1973 Civil Term of the General Court of Justice, Superior Court Division for Wayne County, and the Court after hearing the evidence makes the following findings of fact and conclusions of law:

1. That the above entitled action was filed by the plaintiff, Town of Mount Olive, on the 15th day of January, 1973, against the defendant, Hubert Price, for violation of Chapter O, Article 2 of the Zoning Ordinances of the Town of Mount Olive and amendments thereto.

2. That an Answer was duly filed and sworn to by the defendant on the 29th day of January, 1973.

3. That the plaintiff was in Court and represented by its attorney, Mr. George R. Kornegay, Jr., of Mount Olive, North Carolina.

4. That the defendant and his wife were present in Court and represented by their attorney, Mr. Douglas P. Connor, of Mount Olive, North Carolina.

5. That neither the plaintiff nor the defendant made a request for jury trial.

6. That this matter originally came on for hearing on a Motion for a Temporary Restraining Order before his Honor Perry Martin, Judge presiding over the Courts of the Eighth Judicial District at 2:00 o'clock p.m. on the 29th day of January, 1973, and on that date, the Court after hearing the evidence of the plaintiff and the defendant entered an Order that the mobile home of the defendant

placed on the lot at 314 North Church Street by the defendant was in violation of the Zoning Ordinances and amendments of the Town of Mount Olive; that the defendant had made electrical, water and sewer hookups to said mobile home without first obtaining authority from the Town of Mount Olive and in violation of the Ordinances of the Town of Mount Olive; and the Court continued the issuance of an injunction until the above matter could be heard on its merits at the March 5, 1973 term of Superior Court of Wayne County.

7. That at the March 5, 1973 term of Superior Court of Wayne County, the attorney for the defendant advised the Court that he had to be in Federal Court at that time and the matter was therefore continued.

8. That the matter was set preemptorily [sic] for a hearing of all Motions on the 30th day of April, 1973, and was set preemptorily [sic] for trial on its merits on the 7th day of May, 1973.

9. That the matter came on for hearing on a Motion on the 30th day of April, 1973, after a Motion had been filed for Summary Judgment by the defendant; and at that time the Court after hearing the evidence denied the defendant's Motion for Summary Judgment.

10. That the matter came on for hearing on the merits on the 7th day of May, 1973.

11. That the plaintiff introduced a certified copy of Chapter O, Article 2 (known as the Zoning Ordinance), and all amendments thereto.

12. That it had been previously stipulated that (Exhibit A) attached to the Complaint was a true and exact copy of the Ordinance and amendments thereto as they appear in the Ordinance book of the Town of Mount Olive.

13. That the Court after hearing all the evidence of the plaintiff and the defendant finds as a fact that the defendant has placed said mobile home on his lot at 314 North Church Street within the city limits of the Town of Mount Olive, North Carolina, in violation of Chapter O, Article 2 of the Zoning Ordinance of the Town of Mount Olive.

14. That the defendant has made electrical, water and sewer hookups to said mobile home without first obtaining proper authority from the Town of Mount Olive and in violation of the Ordinances of the Town of Mount Olive.

15. That the plaintiff will be seriously and irreparably damaged if the defendant is allowed to keep said mobile home on the lot at 314 North Church Street in the Town of Mount Olive.

IT IS NOW THEREFORE ORDERED, ADJUDGED AND DE-CREED AS FOLLOWS:

1. That the defendant, Hubert Price, has moved a mobile home on to his lot at 314 North Church Street in the Town of Mount Olive on or about the 30th day of September, 1972, in violation of the Zoning Ordinances and amendments of the Town of Mount Olive.

2. That the plaintiff's Motion and application for a permanent injunction against the defendant for moving said mobile home on to his lot at 314 North Church Street and using it for a residence be and the same is hereby allowed and the defendant is hereby restrained and permanently enjoined from keeping said mobile home on his lot at 314 North Church Street in the Town of Mount Olive, North Carolina, and from using said mobile home as a residence.

3. That the defendant shall move said mobile home from the lot at 314 North Church Street in the Town of Mount Olive, North Carolina, prior to the 1st day of July, 1973.

4. That the costs of this action be taxed to the defendant.

This the 7th day of May, 1973.

s/ PERRY MARTIN
Judge Presiding"

From said Judgment, the defendant appealed.

*Kornegay & Bruce by George R. Kornegay, Jr., for the plaintiff appellee.*

*Douglas P. Connor for the defendant appellant.*

CAMPBELL, Judge.

[1-3]   The defendant has appealed on the grounds that there was no evidence to support the finding by the trial court on 29 January 1973 and 7 May 1973 that the defendant was in violation of a zoning ordinance. The gist of his argument is that there was no violation of the ordinance because there was no valid zoning ordinance at the time in question. However, a zoning ordinance is presumed to be valid and the burden is on the party alleging invalidity to prove that the ordinance is unreasonable and arbitrary. *Orange County v. Heath,* 278 N.C. 688, 180 S.E. 2d 810 (1971) ; *Gastonia v. Parrish,* 271 N.C. 527, 157 S.E. 2d 154 (1967). The evidence before Judge Martin when he entered the order of 29 January 1973 and when he entered the judgment of 7 May 1973, other than the testimony of Mrs. Price, which does not invalidate the ordinance, is not in the record. When the evidence is not in the record it is presumed that the court's findings are supported by competent evidence, and the same are conclusive on this appeal. *Cobb v. Cobb,* 10 N.C. App. 739, 179 S.E. 2d 870 (1971) ; *In Re Sale of Land of Warrick,* 1 N.C. App. 387, 161 S.E. 2d 630 (1968). Mrs. Price testified that she went to the Wayne County Courthouse but could find no record of any mobile home ordinance for the Town of Mount Olive in the Office of the Register of Deeds. Defendant asserts that G.S. 160A-364 is controlling. This statute states that no city ordinance shall become effective until recorded in the Office of the Register of Deeds of each county in which any property directly affected thereby is located. However, the ordinance in question was adopted June 7, 1971. G.S. 160A-364 did not go into effect until December 31, 1971. G.S. 160A-2, Effect Upon Prior Law reads:

> "The enactment of this chapter shall not require the readoption of any city ordinance enacted pursuant to laws that were in effect before January 1, 1972, and are restated or revised herein."

Affirmed.

Chief Judge BROCK and Judge BRITT concur.