JOHN S. FREELAND, SR. AND WIFE, JESSIE S. FREELAND; JOHN T. CHILDS, RUSSELL G. WRIGHT, C. A. MELLOTT, JOHN C. BLACKWOOD, NANCY D. BLACKWOOD, ERNEST' R. MAUER, ROSA C. MAUER, PAUL SNYDER, JR., THOMAS McANN, WADE E. PARRISH, CHESTER C. IRVIN, B. V. PEARSON, ERVIN YATES AND CURTIS BANE, v. ORANGE COUNTY; BOARD OF ORANGE COUNTY COMMISSIONERS, HARVEY BENNETT, CHAIRMAN; BILL RAY, MEMBER; IRA WARD, MEMBER; HENRY WALKER, MEMBER; CARL SMITH, MEMBER; TYSON CLAYTON, A. H. GRAHAM, AND C. D. KNIGHT, SHERIFF OF ORANGE COUNTY.

(Filed 10 April 1968.)

**1. Statutes § 5—**
A statute must be construed to effectuate the legislative intent.

**2. Same—**
Where a literal interpretation of a statute would lead to absurd results and contravene the manifest purpose of the statute, the reason and purpose of the law will be given effect and the strict letter thereof disregarded.

**3. Municipal Corporations § 30—**
The board of county commissioners may prescribe an orderly procedure for conducting the public hearing required by G.S. 153-266.15 to be held upon a proposed county zoning ordinance.

**4. Same—**
The provision of G.S. 153-266.16 that "all parties in interest and other citizens shall be given an opportunity to be heard" at the public hearing upon a proposed county zoning ordinance does not require that all persons attending the meeting be heard without limitation as to number and time, but the statute is complied with where both the proponents and opponents of the proposed ordinance are given equal time and a fair opportunity to present their views.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from Bone, E.J., June 20, 1967 Civil Session of ORANGE, docketed and argued as No. 850 at Fall Term 1967.

On February 6, 1967, the Board of County Commissioners of Orange County, relying upon authority conferred by G.S. Chapter 153, Article 20B, adopted, by unanimous vote, a comprehensive zoning ordinance applicable to all portions of Chapel Hill Township, Orange County, North Carolina, outside the zoning jurisdiction of the Towns of Carrboro and Chapel Hill.

Plaintiffs instituted this action to enjoin enforcement of said zoning ordinance. They asserted defendants failed to comply with statutory requirements prerequisite to valid adoption thereof and on this ground attacked the purported ordinance as void.

Jury trial was waived. No testimony was offered. The case was submitted on the facts established by admissions in the pleadings and

by the stipulations. The stipulations, which include all facts admitted in the pleadings, are as follows:

"(T)hat the plaintiffs are citizens and residents of Orange County and own properties within Orange County; that the defendant Orange County is a body politic, a political and geographical subdivision of the State of North Carolina whose powers are exercised by the Board of Commissioners; that the defendants Bennett, Ray, Ward, Walker and Smith are duly elected and acting members of the Orange County Board of Commissioners; that the defendant Tyson Clayton has been designated the Orange County Zoning Officer by the said Board of Commissioners; that the defendant C. D. (Buck) Knight is the duly elected and acting Sheriff of Orange County; that the defendant A. H. Graham was the acting Chairman at the meeting which was held on January 25, 1967, by the said Board of County Commissioners; that the five County Commissioners of Orange County, on February 6, 1967, voted unanimously to adopt a zoning ordinance for Chapel Hill Township; that the document attached to the plaintiffs' complaint marked Exhibit 'A' is an accurate copy of said zoning regulations; that the document attached to plaintiffs' complaint and marked Exhibit 'B' is a true and accurate copy of the notice published; that the notice was published in The Chapel Hill Weekly, which is a newspaper which meets the requirements of the statute, on January 8, 15, and 22, 1967; that at the time, place and hour set forth in the aforementioned notice a meeting was held and that approximately 500 persons were present at such meeting; that the defendant A. H. Graham acted as Chairman of said meeting and announced at the beginning of said meeting that one hour would be allocated to those who proposed the adoption of a zoning ordinance, that one hour would be allocated to those who opposed the adoption of a zoning ordinance and that at the close of said period an additional fifteen minutes would be allocated to each of the proponents and opponents for rebuttal; that at said meeting 16 proponents spoke in favor of the adoption of said ordinance and 15 opponents spoke in opposition to the adoption of said ordinance; that the proponents spoke for an hour, the opponents spoke for an hour; and the proponents and opponents each consumed fifteen additional minutes thereafter in rebuttal; that at such public hearing no questions were allowed to be directed to the five County Commissioners; that the citizens and residents of Orange County in attendance at such meeting were not allowed to hear any comment or answer given by any of the defendant Commissioners; that at the conclusion of said public hearing Mr. A. B. Coleman, Jr. asked those assembled if there were any persons there who had wished to be heard and had not spoken and

that in response to such inquiry approximately 200 persons, including some of the plaintiffs, indicated that they had not spoken but would like to have been heard if time had been allotted to them; that at such public meeting a ratio of four-to-one in attendance at said meeting indicated that they were opposed to the adoption of said ordinance; that the plaintiffs John S. Freeland, Sr. and his wife, Jessie S. Freeland, own approximately seven acres of land on N. C. Highway #86, said land lying in Chapel Hill Township but outside the zoning areas of Chapel Hill and Carrboro; that John S. Freeland has a small income from his present employment and Jessie S. Freeland is a severely handicapped arthritic patient who has been confined to a wheel chair for approximately five years; that, placed on their seven acres of land, are nine mobile home spaces put there by John S. Freeland, who dug all the ditches, and performed all plumbing and carpentry work himself in order to be able to have such spaces for rent; that at the present time both John S. Freeland, Sr. and Jessie S. Freeland are under constant doctor care; that they have no other means of income when Mr. Freeland retires other than rent from their nine spaces; that, according to the terms of plaintiffs' Exhibit 'A', the plaintiffs Freeland are operating contrary to law in that their nine spaces have not been included in a Mobile Home Park District; that the plaintiff John T. Childs, since the institution of this action, has sought relief through administrative remedies and has been granted the relief which he sought; that the plaintiff Russell G. Wright is the owner of a mobile park in Chapel Hill Township, but outside the planning areas of Chapel Hill and Carrboro; that he has invested substantial sums in the development of said mobile home park and that he was cautious and diligent in such development; that both the plaintiff and his wife, Wright, suffer from poor health; that if the ordinance is enforced in accordance with its terms without variance, it will be necessary for the plaintiff Russell G. Wright to remove eight mobile homes from his park plus oil tanks, etc., and that this would seriously impair his ability to earn an adequate income; that the adoption of plaintiffs' Exhibit 'A' has reduced the value of Russell G. Wright's property."

The agreed case on appeal states: "It was agreed by counsel for plaintiffs and defendants that in determining whether or not the zoning ordinance in question had been adopted by the Board of County Commissioners of Orange County in compliance with applicable law the Court would only consider (a) the sufficiency of the notice of the public hearing and (b) the sufficiency of the public hearing conducted pursuant to such notice."

The court, being of the opinion "the zoning ordinance, and regu-

lations, under attack were adopted by the Board of County Commissioners of Orange County in substantial compliance with applicable law, especially G.S. 153-266.16, and are valid," entered judgment: (1) That said zoning ordinance and regulations are valid; (2) that plaintiffs are not entitled to the relief sought; and (3) that the action be dismissed and the costs taxed against plaintiffs.

Plaintiffs excepted to the judgment and appealed therefrom, assigning as error "that the evidence does not show, as a matter of law, the requisite compliance with the law in the adoption of the ordinance by the Commissioners, and for the reason that it is contrary to the relevant statutory law."

*Alonzo B. Coleman, Jr., for plaintiff appellants.*
*Graham, Levings & Cheshire for defendant appellees.*

BOBBITT, J. The record indicates plaintiffs, when the case was heard in the superior court, contended the published notice (Exhibit "B") was insufficient. However, this contention is not brought forward in plaintiffs' brief and is deemed abandoned. The sole contention now presented by plaintiffs is that the public hearing on January 25, 1967, did not meet the requirements of G.S. 153-266.16.

This is not an action in which some specific provision of a zoning ordinance is under attack. Plaintiffs attack the ordinance as void in its entirety. They contend that, because of the asserted failure of the county commissioners to comply strictly with statutory provisions, the purported ordinance was not legally adopted, should be treated as nonexistent and enforcement thereof should be enjoined.

Plaintiffs alleged enforcement of certain provisions of the ordinance will cause hardship and loss to plaintiffs Freeland, Childs and Wright. The stipulated facts disclose that Childs has obtained the relief he sought through administrative procedures. Presumably, the Freelands and Wright have not sought relief through administrative procedures. The portion of the stipulated facts relating to the plight of the Freelands and of the Wrights is not germane to the question plaintiffs pose for decision on this appeal.

After proper notice, the well-attended public hearing of January 25, 1967, was held, all five county commissioners being present, in accordance with the following provision of G.S. 153-266.15: "On receipt of a zoning plan from the county planning board, the board of commissioners shall hold a public hearing thereon, after which it may adopt the zoning ordinance and map as recommended, adopt it with modifications, or reject it."

G.S. 153-266.16 provides: "Whenever in this article a public hear-

ing is required, all parties in interest and other citizens shall be given an opportunity to be heard. A notice of such public hearing shall be given once a week for two successive calendar weeks in a newspaper published in the county, or, if there be no newspaper published in the county, by posting such notice at four public places in the county, said notice to be published the first time or posted not less than fifteen days prior to the date fixed for said hearing."

The complaint alleged the Freelands, Childs and Wright owned property in the portion of Chapel Hill Township covered by the ordinance. It was stipulated the Freelands and Wright owned property in this portion of Chapel Hill Township. As to all other plaintiffs, the allegations and stipulations are that they own property "within Orange County." It would seem plaintiffs Freeland and Wright should be regarded as "parties in interest" and all other plaintiffs as "other citizens" as those terms are used in G.S. 153-266.16. It does not appear that any of the "approximately 200 persons" referred to in the stipulations who, in response to Mr. Coleman's inquiry, "indicated that they had not spoken but would like to have been heard if time had been allotted to them," were persons who owned property in the portion of Chapel Hill Township covered by the ordinance. Hence, such persons would seem to fall into the category of "other citizens" as that term is used in G.S. 153-266.16.

In the construction of G.S. 153-266.16, our chief concern is to ascertain the legislative intent. As stated by Stacy, C.J., in *Trust Co. v. Hood, Comr. of Banks,* 206 N.C. 268, 270, 173 S.E. 601, 602: "The heart of a statute is the intention of the law-making body."

It is "fully established that where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." Hoke, J. (later C.J.), in *State v. Barksdale,* 181 N.C. 621, 625, 107 S.E. 505, 507; 4 Strong, N. C. Index, Statutes § 5, pp. 177-178.

In *Haggar Co. v. Helvering,* 308 U.S. 389, 60 S. Ct. 337, 84 L. Ed. 340, it is stated: "All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose."

The manifest intention of the General Assembly was that a public hearing be conducted at which those who opposed and those who favored adoption of the ordinance would have a fair opportunity to present their respective views. The requirement that such a public hearing be conducted is mandatory. Subject thereto, it is permissible

for the county commissioners to prescribe an orderly procedure.

The orderly procedure adopted afforded equal time to opponents and proponents. Fifteen persons spoke in opposition to the ordinance and sixteen persons spoke in favor of it. Mr. Coleman was present and apparently was acting as counsel for all or certain of the plaintiffs. Nothing in the record suggests the opponents failed to present every fact and argument then and now constituting the basis for their opposition.

The contention that the county commissioners were required to hear all persons in attendance without limitation as to number and time is untenable. The opponents as well as the proponents were at liberty to select those whom they regarded as their best advocates to speak for them. The General Assembly did not contemplate that all persons entertaining the same views would have an unqualified right to iterate and reiterate these views in endless repetition. We agree with Judge Bone that the hearing conducted on January 25, 1967, was in substantial compliance with G.S. 153-266.16.

It is noted that G.S. 153-266.16 does not require the county commissioners to answer questions asked by those in attendance at such public meeting.

It is also noted that two weeks elapsed between the public hearing on January 25, 1967, and the adoption of the ordinance on February 6, 1967.

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.