ORANGE COUNTY, a MUNICIPAL CORPORATION v. FORREST T. HEATH AND WIFE NANCY B. HEATH

No. 84

(Filed 12 May 1971)

1. **Municipal Corporations § 30; Counties § 5— zoning ordinance — presumption of validity**

   A zoning ordinance is presumed to be constitutional and valid, and the burden is on the party who alleges invalidity to prove that the ordinance is unreasonable and arbitrary.

**2. Counties § 5; Municipal Corporations § 30— spot zoning**

Rezoning of 15 acres of land to permit its use as a mobile home park was not spot zoning where the rezoned land joined 5 acres already in legal use by the owners as a mobile home park.

**3. Counties § 5— rescission of rezoning ordinance — public notice and hearing**

Where the board of county commissioners, after public notice and hearing, duly passed an ordinance rezoning 15 acres of defendants' property to permit its use as a mobile home park, subsequent attempt by the board of commissioners to rescind the rezoning ordinance and return the property to its former classification without public notice or advertisement was void.

APPEAL by Orange County (plaintiff) from *Canaday, J.*, November 18, 1970 Session, ORANGE Superior Court. The record on appeal and briefs were filed in the North Carolina Court of Appeals and transferred to the Supreme Court under referral order of July 31, 1970.

On July 21, 1970, the County or Orange instituted this civil action in the Superior Court Division, General Court of Justice, to restrain the defendants, Forrest T. Heath and wife, Nancy B. Heath, from making use of fifteen acres of land in Chapel Hill Township for "non-residential purposes" in violation of Section 13.3.1, Zoning Ordinance, duly passed by the County Commissioners. The court issued a temporary restraining order, and continued it to the hearing on the merits.

By complaint the plaintiff alleged the defendants on May 30, 1970, began excavation on the fifteen acre tract preparing it for a non-residential use in violation of the zoning ordinance passed on February 6, 1967, and prayed for temporary and permanent restraining orders.

By answer the defendants admitted the excavation in preparation for the construction of a mobile home park, but alleged the proposed use was authorized by the amendment to the zoning ordinance duly passed by the Board of Commissioners on May 6, 1968; that the attempt at its revocation on May 13, 1968, was void, leaving the amended ordinance in full force and effect.

The parties stipulated:

"2. That on or about January 20, 1968, Forrest T. Heath petitioned the Board of Commissioners, Orange Coun-

ty, North Carolina that a certain tract of land he owned, located on Tax Map No. 119, Lot Number 35, and shown on accompanying plat, be rezoned from Residential District to Mobile Home Park District.

3. That on April 23, 1968, the Orange County Planning Board by motion made and carried recommended to the County Commissioners that Mr. Heath's rezoning request be approved with the stipulation that the density of mobile home spaces be no more than four per acre with no more than 75 for the total 20 acre tract.

4. That on May 6, 1968, the Orange County Commissioners, after due notice and advertisement as by law required, considered the above recommendation of the Planning Board and after discussion the following motion was made and carried: 'that fifteen acres belonging to Forrest Heath be rezoned from a residential area to a mobile home park area upon condition that the rezoned fifteen acres plus the five acres presently zoned for a mobile home park area not exceed sixty trailer spaces which said trailer spaces shall be evenly distributed throughout the entire twenty acres.'

5. That thereafter, one week later, on May 13, 1968, in special session without any further petition, the Orange County Commissioners did by motion made and carried, state 'that the Board rescind the action taken on May 6' (referring to above herein.)

6. That this action (on May 13, 1968) was taken without any public notice or advertisement.

7. That issuance of the required permit would have been granted except for the action taken by the said Commissioners at the said May 13, 1968 special session, provided that the defendants had complied with the zoning and subdivision ordinance."

At the conclusion of the hearing both plaintiff and defendants moved for summary judgment. The court denied plaintiff's motion that the defendants be restrained from making any non-residential use of the described lands. The court granted defendants' motion adjudging the described lands were properly zoned "a mobile home park district," that the temporary restraining

order be dissolved and that the action be dismissed. The plaintiff appealed.

*Graham and Cheshire by Lucius M. Cheshire for plaintiff appellant.*

*Winston, Coleman & Bernholz by Alonzo Brown Coleman, Jr., for defendant appellees.*

HIGGINS, Justice.

The plaintiff alleged the defendants were in violation of the original zoning ordinance of February 6, 1967, limiting the described lands to residential use. The complaint did not refer either to an amendment passed on May 6, 1968, rezoning the area to use as a trailer home park, or to the attempt of the Orange County Board of Commissioners to rescind the amended ordinance in a special meeting held on May 13, 1968. However, by brief, the plaintiff suggested the rezoning order is void as an act of spot zoning and, being void, may be ignored. In the alternative the plaintiff seems to argue that if the rezoning ordinance of May 6, 1968, be adjudged to be valid, the rescinding resolution of May 13, 1968, repealed it, reinstating the limitation to residential use.

The record discloses the defendants purchased twenty acres of land in rural Chapel Hill Township and began developing it as a trailer home park. After five acres had been so developed, the area was zoned as a residential district. The defendants did not seek a permit to complete the project as a non-conforming use. See *In re Tadlock,* 261 N.C. 120, 134 S.E. 2d 177. On the contrary, they filed a petition for a rezoning order including the fifteen acres in the area zoned for trailer home park use. The zoning board conducted an investigation and recommended to the Board of Commissioners that the fifteen acres referred to be rezoned as prayed for in the defendants' petition. The Board of Commissioners posted the required notices and conducted a hearing as contemplated by G.S. 153-266.16 and rezoned the land for mobile home park use as prayed for in the petition. The Board of Commissioners entered upon the records the resolution that the area was rezoned for trailer home park purposes.

[1] A zoning ordinance is a legislative determination as to what restrictions should be placed on the use of land. The

legislative judgment in such matters may not be disputed unless it is arbitrary or unreasonable. " . . . (A) legislative act is presumed to be constitutional and valid. This presumption applies to zoning ordinances. . . . The presumption of constitutionality is rebuttable, but it imposes upon the litigant who alleges invalidity the burden of proving that the ordinance is unreasonable and arbitrary." Anderson, American Law of Zoning, Vol. 1, § 2.14, pp. 67-69. See also *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870; *Zopfi v. City of Wilmington,* 273 N.C. 430, 160 S.E. 2d 325; *In re Appeal of Parker,* 214 N.C. 51, 197 S.E. 706; *Helms v. Charlotte,* 255 N.C. 647, 122 S.E. 2d 817.

[2] The plaintiff does not allege the rezoning ordinance of May 6, 1968, is invalid, nor does it offer proof of facts which would establish invalidity. In fact, Stipulation No. 4, when properly construed, seems to be a concession that the rezoning act is valid. The argument in the brief, however, seems to challenge validity on the ground it is spot zoning. "Spot zoning arises where a small area, usually a single lot or a few lots, surrounded by other property of similar nature, is placed arbitrarily in a different use zone from that to which the surrounding property is made subject." *Zopfi v. City of Wilmington, supra.* The defendants' tract of fifteen acres rezoned by the ordinance of May 6 was not isolated, but joined the five acres already in legal use as a mobile home park. The rezoning act placed the defendants' entire area in the same use category, the use for which they acquired it at a time prior to the beginning of the zoning procedures.

The complaint and the stipulations when properly interpreted take from the plaintiff all legal grounds for its objection to the zoning ordinance of May 6, 1968. Necessarily the plaintiff's cause must fail unless it establishes the validity of the rescission ordinance attempted on May 13, 1968. The defendants filed a proper petition for the change which the zoning board had investigated and had approved after a duly advertised and duly conducted public hearing. The Board of Commissioners allowed the petition and rezoned the remainder of defendants' property for inclusion in the trailer home park, the construction of which they had begun before any rezoning procedure began. One week later in a special meeting without request or petition, without notice and without the knowledge on the part of the defendants, or others, or an opportunity for

anyone to be heard, the Board attempted to rescind the ordinance.

G.S. 153-266.15 provides: "No amendment may be adopted until after a public hearing thereon." G.S. 153-266.16 provides: "Whenever in this article a public hearing is required, all parties in interest and other citizens shall be given an opportunity to be heard." In the case of *Freeland v. Orange County,* reported in 273 N.C. 452, 160 S.E. 2d 282, the opinion by the present Chief Justice, this language is used: "The manifest intention of the General Assembly was that a public hearing be conducted at which those who opposed and those who favored adoption of the ordinance would have a fair opportunity to present their respective views. The requirement that such a public hearing be conducted is mandatory."

[3] A public hearing in a meeting held pursuant to notice was a prerequisite to the passage of the rezoning ordinance of May 6, 1968. The same procedure (notice and a hearing) would be required in order for the Board to rescind that ordinance and return the property to the former classification. The plaintiff's Stipulation No. 6 is fatal to the plaintiff's claim. "6. That this action (on May 13, 1968) was taken without any public notice or advertisement."

The plaintiff's attack on the judgment entered in the superior court failed for lack of merit. For the reasons herein assigned the judgment of the superior court is

Affirmed.