SOFRAN CORPORATION, A DELAWARE CORPORATION; THEODORE ALLEN DUNFORD; CLARICE F. DUNFORD; WALTER M. FORBES, SR.; ALEANE D. FORBES; JOSEPH COOPER TEASDALE; CLARA COX TEASDALE; ROBERT LEE KABLER; CYNTHIA INEZ KABLER; CARL W. RUMLEY; EMILY K. RUMLEY; W. E. LAYTON; BESSIE M. LAYTON; INDEPENDENT FAITH MISSION, A NON-PROFIT RELIGIOUS CORPORATION; ROBERT HORACE SWIGGETT, JR.; BOBBY S. McGUIRE; DORIS S. KERR; PAUL F. LACKEY; ROSEMARIE LACKEY, PLAINTIFFS-APPELLANTS v. THE CITY OF GREENSBORO, A POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, DEFENDANT-APPELLEE

No. 531PA89

(Filed 26 July 1990)

**1. Municipal Corporations § 30.7 (NCI3d) — zoning ordinance — referendum petition — time for filing**

The thirty-day period after "adoption" of a zoning ordinance for filing a referendum petition began on the date of the initial adoption of the ordinance rather than on the date the city council reconsidered the ordinance and took another vote thereon.

**Am Jur 2d, Zoning and Planning §§ 47 et seq.**

**2. Municipal Corporations § 30.21 (NCI3d) — rezoning ordinance — vote to confirm — additional notice and hearing not required**

Additional notice and hearing were not necessary to the validity of a city council's vote to reconsider and to "confirm" a rezoning ordinance initially adopted the previous month.

**Am Jur 2d, Zoning and Planning §§ 47 et seq.**

**3. Municipal Corporations § 30.7 (NCI3d) — repeal of rezoning ordinance — notice and hearing**

A vote to repeal a rezoning ordinance, whether taken in response to a referendum petition or upon the city council's

SOFRAN CORP. v. CITY OF GREENSBORO

[327 N.C. 125 (1990)]

own motion, must be preceded by notice and hearing in addition to that preceding the initial adoption of the rezoning ordinance.

**Am Jur 2d, Zoning and Planning §§ 47 et seq.**

ON discretionary review prior to determination by the Court of Appeals pursuant to N.C.G.S. § 7A-31 of an order entered by *Britt, J.,* at the 5 September 1989 Session of Superior Court, GUILFORD County, granting summary judgment for defendant City of Greensboro. Heard in the Supreme Court 9 April 1990.

*Michael B. Brough & Associates, by Frayda S. Bluestein and Michael B. Brough, for plaintiff-appellants.*

*Jesse L. Warren and A. Terry Wood for defendant-appellee.*

WHICHARD, Justice.

This appeal arises from the reconsideration by the Greensboro City Council on 1 May 1989 of a zoning ordinance originally approved and adopted on 17 April 1989. Subsequently, petitions were filed calling for the repeal of the ordinance or a referendum thereon, a form of challenge to ordinances authorized by the Greensboro City Charter. We hold that because the referendum petition was not filed within the time limitations mandated by the charter, the City Council was not compelled to consider repeal of the zoning ordinance, the target of the petitioners' protest. Further, the Council's reconsideration and resulting repeal of the ordinance was without legal effect because of the Council's failure to follow notice and hearing provisions mandated by the General Statutes.

City councils are authorized by and within the provisions of Article 19 of the General Statutes to "provide for the manner in which zoning regulations and restrictions and the boundaries of zoning districts shall be determined, established and enforced, and from time to time amended, supplemented or changed." N.C.G.S. § 160A-384 (1987). *See also* N.C.G.S. § 160A-385 (1987) ("Zoning regulations and restrictions and zone boundaries may from time to time be amended, supplemented, changed, modified or repealed."). The General Statutes also state certain requisites for protest petitions by property owners who will be affected by a zoning change and authorize municipalities to prescribe formal and substantial requirements for such petitions. *See* N.C.G.S. §§ 160A-385, -386 (1987).

SOFRAN CORP. v. CITY OF GREENSBORO

[327 N.C. 125 (1990)]

In accord with this statutory authorization to fashion procedures for the initiation, amendment, and repeal of zoning ordinances, the Greensboro City Charter grants referendum powers to the voters of that city to initiate, to compel reconsideration of, or to recall municipal ordinances. The charter restricts this power, excluding ordinances of a financial and budgetary nature from its reach; but zoning ordinances notably are not among such exclusions. *See* 1959 N.C. Sess. Laws ch. 1137, § 2.71(a)(2), (b)(2). Voters' referendum power specifically includes "power . . . to require reconsideration by the Council of any adopted ordinance . . . . If the council fails to repeal an ordinance which it has been required to reconsider, the voters shall have power to approve or reject that ordinance at the polls." 1959 N.C. Sess. Laws ch. 1137, § 2.71(b)(1). Voters seeking such a referendum must file a petition that meets these requisites:

> Any referendum petition must be filed with the city clerk within 30 days after adoption by the council of the ordinance concerned and must be signed by qualified voters of the city equal in number to at least 25% of the qualified voters of the city who voted at the last preceding election for city council members.

1959 N.C. Sess. Laws ch. 1137, § 2.71(b)(3). The Greensboro City Charter mandates in addition that upon the filing of a referendum petition with the City Clerk, the ordinance to which the petition is directed be immediately suspended. The suspension lifts only when a final determination is made that the petition concerned is insufficient, the petitioners withdraw their petition, or the Council reconsiders the ordinance and repeals it without modification. 1959 N.C. Sess. Laws ch. 1137, § 2.74.

Absent the impetus of a referendum petition, ordinances may be reconsidered by the City Council upon the motion of its own members. *See* Greensboro, N.C., Code § 2-21(a) (1989). The Greensboro Code provides that a motion for reconsideration of any matter previously acted upon must be "made and acted upon no later than the day of the second regular meeting following the meeting at which such matter was previously considered." *Id.* (The Greensboro City Council is required by ordinance to meet on the first and third Monday of each month and on each Thursday preceding the first and third Monday. Greensboro, N.C., Code § 2-16 (1989) ).

SOFRAN CORP. v. CITY OF GREENSBORO

[327 N.C. 125 (1990)]

Plaintiff Sofran Corporation holds options to purchase or lease property owned by the other plaintiffs. In their complaint plaintiffs alleged that on 17 April 1989 the Greensboro City Council adopted an ordinance rezoning this approximately eighteen-acre tract of land from industrial and residential designations to a commercial designation in anticipation of the construction of a shopping center on the site. The ordinance was published on 20 April 1989 and stated on its face that it was to be effective upon publication. Defendant Greensboro averred in its answer that it had complied with all statutory notice, public hearing, and procedural requirements before the 17 April 1989 hearing. On 15 May 1989 the City Council reconsidered the matter, then voted in favor of a zoning ordinance identical to that adopted on 17 April 1989. A stamped notation on the ordinance dated 20 April 1989 indicated that "the ordinance was adopted by the City Council of the City of Greensboro on the 17th day of April 1989 [to] become effective immediately upon its publication." This was crossed out. Beside it an identical stamp was affixed, but the date of adoption was inscribed as 15 May 1989 rather than 17 April 1989. Beneath the second stamp was this annotation: "Confirmation of adoption of ordinance initially approved by City Council on 4-17-89."

On 14 June 1989 petitions were filed whose signatories sought repeal of the rezoning ordinance that had been adopted initially on 17 April 1989 and reconsidered on 15 May 1989. Plaintiffs contended in their pleadings that the petitions, filed fifty-eight days after the 17 April adoption date, had been filed too late; defendant Greensboro, on the other hand, considered the petitions timely filed because they had been filed within thirty days after the City Council's 15 May 1989 reconsideration vote.

On 17 July 1989 the City Clerk certified that the petitions satisfied the requirements of the City Charter. Thus compelled by the voters' referendum power to repeal or sustain the zoning ordinance, the City Council voted on 7 August 1989 to repeal the ordinance. Although the City Council had opened its 15 May meeting to the public for comment, such comment had been restricted to new information on issues of traffic and safety. The record does not reflect that new notice was given or that a further public hearing was held with reference to the 7 August 1989 vote to repeal.

The material facts in this case are not disputed by the parties, as was indicated in motions for summary judgment filed by both

SOFRAN CORP. v. CITY OF GREENSBORO

[327 N.C. 125 (1990)]

plaintiffs and defendant. The controversy is rather as to the legal significance of those facts. *Blades v. City of Raleigh*, 280 N.C. 531, 545, 187 S.E.2d 35, 43 (1972). Specifically, this Court is presented with the initial question whether the relevant date for purposes of the time for filing a referendum petition is the date of the initial adoption of a zoning ordinance or the date following reconsideration that the City Council chooses "finally [to] dispose of the matter by taking another vote thereon." Greensboro, N.C., Code § 2-21(a) (1989). The second, more critical question is whether a vote to repeal an ordinance taken in response to such petition must be preceded by notice and hearing in addition to that preceding the initial adoption of the rezoning ordinance.

[1] The provisions of the Greensboro City Charter plainly posit that "[a]ny referendum petition must be filed with the City Clerk within 30 days after *adoption* by the council of the ordinance concerned." 1959 N.C. Sess. Laws ch. 1137, § 2.71(b)(3) (emphasis added). Even though the stamp twice affixed by the clerk below the zoning ordinance text indicated that the ordinance had been twice "adopted"—first on 17 April 1989, then on 15 May 1989—the clerk's handwritten annotation that the second vote merely "confirmed" the first establishes that the relevant date for purposes of filing a referendum petition on time was the initial, earlier date of adoption. Moreover, the language of an ordinance, like that of a statute, "must be read not textually, but contextually, and with reference to the matters dealt with, the objects and purposes sought to be accomplished, and in a sense which harmonizes with the subject matter." *Greensboro v. Smith*, 241 N.C. 363, 366, 85 S.E.2d 292, 295 (1955). The patent purpose of designating a thirty-day period dating from the "adoption" of an ordinance is to give opponents of the ordinance a reasonable period to garner signatures, yet to allow planning for and development of the newly zoned territory to go forward as expeditiously as possible. Assuming for purposes of this appeal that the referendum powers of initiative, reconsideration, and recall granted by the Greensboro City Charter apply to zoning ordinances, we hold that the petitioners failed to file their referendum petition within the time constraints imposed upon them by the City Charter.

The City Council appears to have reconsidered the rezoning ordinance in August not upon its own motion[1] but in response to the invalid referendum petition. As such, its reconsideration on that date was improper. However, even if the second reconsideration had been upon the City Council's own motion, a more significant impediment to the Council's subsequent vote to repeal is apparent. Although the City Council had allowed limited public comment at the 15 May 1989 meeting at which the ordinance was first reconsidered, then confirmed, no notice was given or hearing held prior to the second reconsideration (that which resulted in the vote to repeal the ordinance). Notice of a public hearing preceding the adoption or amending of any ordinance is mandated by N.C.G.S. § 160A-364 (1987).

> The manifest intention of the General Assembly was that a public hearing be conducted at which thosé who opposed and those who favored adoption of the ordinance would have a fair opportunity to present their respective views. The requirement that such a public hearing be conducted is mandatory.

*Orange County v. Heath*, 278 N.C. 688, 693, 180 S.E.2d 810, 813 (1971) (quoting *Freeland v. Orange County*, 273 N.C. 452, 456, 160 S.E.2d 282, 286 (1968) ). "The statute is explicit. Notice with an opportunity to be heard must be given before the zoning ordinance can be modified. An ordinance adopted without notice as required by the statute can have no validity." *Walker v. Elkin*, 254 N.C. 85, 87, 118 S.E.2d 1, 2 (1961).

[2] The general requirement of notice and public hearing prior to the adoption or amending of a zoning ordinance is subject to modification depending upon the substantiality of the change to be made following reconsideration.

> Ordinarily, if the ordinance or amendment as finally adopted contains alterations substantially different (amounting to a new proposal) from those originally advertised and heard, there must be additional notice and opportunity for additional hearing. However, no further notice or hearing is required after

---

1. The record does not include minutes for regular City Council meetings preceding the August reconsideration nor any other indication whether the rezoning amendment was "previously considered" for purposes of reconsideration on the Council's own motion in accordance with the city ordinance. *See* Greensboro, N.C., Code § 2-21(a) (1989).

a properly advertised and properly conducted public hearing when the alteration of the initial proposal is insubstantial. . . . Moreover, additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing.

*Heaton v. City of Charlotte*, 277 N.C. 506, 518, 178 S.E.2d 352, 359-60 (1971). When reconsideration is followed by a vote to confirm an ordinance previously adopted or by a vote to make insubstantial modifications in the adopted ordinance, further notice and hearing are not called for: residents are already apprised of its text and effect and the Council has had the benefit of hearing the public's viewpoints. *See id.* at 518-19, 178 S.E.2d at 359. Thus, additional notice and hearing were not necessary to the validity of the City Council's 15 May vote to reconsider and to "confirm" the rezoning ordinance initially adopted on 17 April 1989.

[3] However, when reconsideration of an ordinance, even upon the Council's own motion, is followed by substantial amendments or by its rescission or repeal, it must be preceded by notice and hearing. *Orange County v. Heath*, 278 N.C. at 693, 180 S.E.2d at 813. In this case the City Council's failure to give notice of a second public hearing preliminary to its vote to repeal the ordinance was fatal to that vote, and the repeal was consequently without legal effect. *See Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E.2d 352 (zoning ordinance not adopted in accordance with the enabling statutes is invalid and ineffective).

As the parties perceive no dispute as to the material facts, and as none is disclosed by the record, this case was appropriate for summary judgment. *See Blades v. City of Raleigh*, 280 N.C. at 544, 187 S.E.2d at 43. We hold, however, that plaintiffs rather than defendant were entitled to judgment as a matter of law and that the trial court erred in entering summary judgment for defendant. Accordingly, we reverse the summary judgment for defendant and remand to the Superior Court, Guilford County, for entry of summary judgment for plaintiffs.

Reversed and remanded.