JOHN WILLIAMS AND INEZ WILLIAMS, PETITIONERS-APPELLANTS v. TOWN OF SPENCER, A MUNICIPAL CORPORATION, RESPONDENT-APPELLEE

No. COA97-1192

(Filed 16 June 1998)

**1. Zoning § 51 (NCI4th)— nonconforming mobile home park—disallowance of mobile home replacement—not equal protection violation**

A town's zoning ordinance that disallows the replacement of a mobile home on a vacated site of a nonconforming mobile home park is rationally related to a legitimate governmental interest and does not violate equal protection since the town has a legitimate interest in providing in its ordinance that nonconforming uses, such as mobile home parks, will eventually become conforming uses within particularly zoned properties.

**2. Zoning § 51 (NCI4th)— nonconforming mobile home park—disallowance of mobile home replacement—not taking without compensation**

A town's zoning ordinance that disallows the replacement of a mobile home on a vacated site of a nonconforming mobile home park does not constitute an unlawful taking without just compensation since the owners are not deprived of all economically beneficial or productive use of their land as it can be used for any uses allowed in an industrial zoned area.

Appeal by petitioners from order entered 8 July 1997 by Judge Henry E. Frye, Jr. in Rowan County Superior Court. Heard in the Court of Appeals 30 April 1998.

*Kluttz, Reamer, Blankenship, Hayes & Randolph, L.L.P., by Malcolm B. Blankenship, Jr., for petitioners-appellants.*

*The Brough Law Firm, by Michael B. Brough; and Woodson, Ford, Sayers, Lawther, Short, Parrott & Hudson, by F. Rivers Lawther, for respondent-appellee.*

WALKER, Judge.

Petitioners are the owners of Williams Shady Grove Mobile Home Park located within the extraterritorial jurisdiction of the Town of Spencer (the Town). The mobile home park consists of approximately

thirty-five spaces which are typically leased by residents who own their own mobile homes. The mobile home park is located in an area zoned industrial which excludes mobile home parks; however, as the property has been continuously used as a mobile home park, it is permitted as a non-conforming use.

Under its zoning ordinance, the Town treats each individual lot as a separate non-conforming use. Therefore, when a resident vacates a lot, the Town refuses to issue a building permit to replace the mobile home with another. Due to this inability to obtain permits for replacement mobile homes, the park had at least eleven empty spaces at the initiation of this action.

On 22 July 1996, the Town's land management director denied a building permit to set up a manufactured home on one of the empty lots in the petitioners' mobile home park. By letter dated 2 August 1996, the petitioners appealed this decision to the Town's Zoning Board of Adjustment (the Board) on the grounds that "a non-conforming mobile home park may not be put out of existence or reduced in size by denial of the building permits . . . so long as the park as a whole continues to operate [as] such action by the municipality is an unconstitutionally arbitrary and capricious taking."

The Board issued a decision affirming the land management director's decision to deny the building permit. The petitioners then obtained a writ of certiorari and the trial court reviewed the Board's decision. After considering the record and the Town's zoning ordinance, the trial court affirmed the Board's decision.

The petitioners argue that the Town's ordinance denying continuation of the existing non-conforming use (the mobile home park) is unconstitutional on the following grounds: (1) the ordinance is unconstitutionally vague and ambiguous; (2) the ordinance is unconstitutionally arbitrary and capricious and (3) the ordinance constitutes a taking without just compensation.

From the record in this case, there is evidence that the petitioners alleged, in their initial appeal of the land management directors's decision, that the portion of the Town's ordinance was arbitrary and capricious and therefore unconstitutional. Thus, we address this case on the basis that the constitutional issues are properly before this Court; however, we nonetheless find the Town's ordinance to be valid.

We first note the portion of the Town's zoning ordinance in question specifically addresses the circumstances here in Article IV, § 15(E) and provides:

*Continuation of manufactured home parks.* Manufactured home parks that become nonconforming uses shall be permitted to continue operation subject to the following stipulations:

- Nonconforming manufactured home parks may not be expanded or increased in size nor shall any additional spaces be added to the site;

- **When a site at a nonconforming manufactured home park is vacated, another manufactured home may not be placed on that site;**

- A nonconforming manufactured home park that is discontinued for one hundred eighty (180) days shall not be reestablished. Vacancy and/or non-use of the park, regardless of the intent of the owner, shall constitute discontinuance under this provision;

- If any existing nonconforming manufactured home on a conforming lot is removed, it shall only be replaced with a conforming structure or building;

- If a nonconforming manufactured home is abandoned for a period of more than one hundred eighty (180) days, the rehabitation of the manufactured home shall be prohibited. The date of abandonment shall be that date at which the abandonment of the manufactured home becomes evident.

(Emphasis added).

[1] Although the petitioners do not direct us to any specific constitutional provisions or any other authority, it appears they are first arguing that the zoning ordinance is arbitrary and discriminatory in that it treats non-conforming mobile home parks differently from non-conforming apartment complexes. For example, petitioners contend that under the ordinance if less than fifty percent of the apartments in a non-conforming apartment complex were destroyed that a "replacement building" would be allowed whereas if a mobile home lot is vacated, a replacement mobile home is not allowed.

It is well established that a duly adopted zoning ordinance is presumed to be valid and the burden is on the complaining party to show

WILLIAMS v. TOWN OF SPENCER

[129 N.C. App. 828 (1998)]

it to be invalid. *Heaton v. City of Charlotte*, 277 N.C. 506, 513, 178 S.E.2d 352, 356 (1971).

Assuming the petitioners' argument that the ordinance is arbitrary and discriminatory is an attempt to challenge it on equal protection grounds, we find such argument to be unpersuasive.

Our Supreme Court in *White v. Pate*, 308 N.C. 759, 766-67, 304 S.E.2d 199, 204 (1983) set out the governing principles in determining whether a legislative classification violates the equal protection clause as follows:

> When a governmental classification does not burden the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class, the lower tier of equal protection analysis requiring that the classification be made upon a rational basis must be applied. The "rational basis" standard merely requires that the governmental classification bear some rational relationship to a conceivable legitimate interest of government. (Citations omitted).

Thus, as no fundamental right or suspect class is involved here, we must determine whether the portion of the ordinance which disallows the replacement of a mobile home on a vacated site of a nonconforming mobile home park is "rationally related" to a legitimate governmental interest.

In *CG & T Corp. v. Bd. of Adjustment of Wilmington*, 105 N.C. App. 32, 411 S.E.2d 655 (1992), this Court set out the following "important policy":

> Non-conforming uses are not favored by the law. Most zoning schemes foresee elimination of non-conforming uses either by amortization, or attrition or other means. In accordance with this policy, zoning ordinances are strictly construed against indefinite continuation of non-conforming uses.

*Id.* at 39, 411 S.E.2d at 659-60 (*citing Appalachian Poster Advertising Co. v. Board of Adjustment*, 52 N.C. App. 266, 274, 278 S.E.2d 321, 326 (1981)). Based on this policy, we find that the Town had a legitimate governmental interest in providing in its ordinance that non-conforming uses, such as mobile home parks, will eventually become conforming uses within particularly zoned properties. Moreover, it is clear that the portion of the ordinance at issue is rationally related to this interest. However, even under the Town's

existing ordinance, the mobile home park can continue indefinitely. Only when a mobile home is removed from a lot is replacement of that home precluded.

[2] Petitioners next contend that if the ordinance is not found to be discriminatory, it is at least "an unlawful taking without just compensation." We have carefully considered the petitioners' argument and find it to be without merit. *See Guilford Co. Dept. of Emer. Serv. v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 12, 441 S.E.2d 177, 183, *disc. review denied*, 336 N.C. 604, 447 S.E.2d 340 (1994) (Despite a denial of an application for a special use permit, no "taking" occurred where the County's ordinance permitted other uses of the property). Here, the petitioners are not deprived of "all economically beneficial or productive use" of their land as it can be used for any of the uses allowed in an industrial zoned area.

The order of the trial court is

Affirmed.

Judges WYNN and MARTIN, John C., concur.