RITA RAKESTRAW, ERICH RAKESTRAW, KENNETH McKOY, ANGELA TERRERO, GENARO TERRERO, JIMMY KIMBALL, CLAUDE HARRIS, JACKIE HARRIS, MICHELLE DEAN, JOHN DEAN, PATRICE PIPKIN, SHERRI SCHULTHEISS, JANET DOLL, LAUREN YVES DOLL, MAX SILVER, ARLENE McCULLERS, AND PAUL TURNER, Plaintiffs v. TOWN OF KNIGHTDALE, Defendant

No. COA07-866

(Filed 15 January 2008)

**1. Zoning— notice of change—newspaper, sign, mailing**

Summary judgment was properly granted for defendant town on a zoning matter where plaintiff contended that the town had not given proper notice. The town had published a notice of a public hearing in a local newspaper, posted a sign, and provided notification of the hearing by mail. There was no evidence tending to show a substantial change to the proposed ordinance, that those interested were not informed of when the additional meetings would be held, or of fraud in the mailing.

**2. Zoning— conditional district exceptions—less restrictive conditions**

The superior court properly found a town to have complied with a requirement in an ordinance allowing exceptions and less restrictive conditions in a conditional district.

Appeal by plaintiffs from order entered 1 May 2007 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 13 December 2007.

*The Brough Law Firm, by Michael B. Brough, for plaintiffs-appellants.*

*Smith Moore LLP, by James L. Gale, Bradley M. Risinger, and James R. Holland, for defendant-appellee.*

TYSON, Judge.

Rita Rakestraw, et al., ("plaintiffs") appeal from order entered by the superior court granting the Town of Knightdale's ("the Town") motion for summary judgment. We affirm.

I. Background

On 30 August 2006, plaintiffs filed a complaint and sought a declaratory judgment that an ordinance adopted by the Knightdale

Town Council ("the Council") was void and of no effect. The challenged ordinance and amendment rezoned an approximately 56.8 acre tract of land to a "highway commercial conditional district." Prior to the adoption of the ordinance, the northern portion of the property was zoned for highway business and the southern portion was zoned for urban residential. The tract of land is located on the south side of Knightdale Boulevard between Widewaters Parkway and Parkside Commons Drive.

Plaintiffs' complaint alleged: (1) the ordinance contained "some twenty variances" from the Town's Unified Development Ordinance ("UDO"); (2) the Town failed to properly send written notice to all property owners entitled to such notice; (3) the Town's Land Use Review Board ("the Board") failed to comply with any of the UDO notice requirements; (4) the ordinance had a "direct, substantial, and readily identifiable financial impact" on one of the Council's members and he was required to recuse himself from voting; (5) the Town failed to prepare a written decision as required by the UDO; and (6) the ordinance purports to change the zoning of some 5.5 acres not included in any of the public hearing notices.

On 16 October 2006, the Town filed a motion for summary judgment stating there is no genuine issue of material fact and it is entitled to judgment as a matter of law. On 17 November 2006, plaintiffs filed their motion for summary judgment stating there is no genuine issue of material fact, "other than plaintiff's [sic] contention that the ordinance is invalid because the [T]own failed to mail notices of the April 3, 2006 public hearing as required by state statute and local ordinance," and they are entitled to judgment as a matter of law. The case was heard in superior court on 30 November 2006.

On 1 May 2007, the superior court filed its "order granting defendant's motion for summary judgment and denying plaintiffs' motion for summary judgment." The superior court ruled: (1) the Town "complied with its notice responsibilities, and with the overarching 'due process' concern which animates them;" (2) the Town complied with the requirements of N.C. Gen. Stat. § 160A-382 "by approving a conditional district in the [o]rdinance which meets the mandates of its UDO;" and (3) the Council member had "no direct, substantial or readily identifiable financial interest in the project underlying the [o]rdinance that he voted to approve." The superior court dismissed plaintiffs' declaratory judgment action with prejudice. Plaintiffs appeal.

## II. Issue

Plaintiffs argue the superior court erred by granting the Town's motion for summary judgment.

## III. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

## IV. Motion for Summary Judgment

Plaintiffs argue the superior court erred by granting the Town's motion for summary judgment because: (1) the Town failed to comply with its own notice and public hearing requirements; (2) the public hearing notice posted on the tract of land did not meet the requirements of N.C. Gen. Stat. § 160A-384(c); (3) a genuine issue of material fact exists regarding whether notice was properly sent to all eligible property owners; and (4) N.C. Gen. Stat. § 160A-382 does not autho-

rize the Town to decrease certain requirements of the underlying base district. We disagree.

### A. Notice and Public Hearing Requirements

[1] N.C. Gen. Stat. § 160A-364(a) (2005) states:

> Before adopting, amending, or repealing any ordinance author-ized by this Article, the city council shall hold a public hearing on it. A notice of the public hearing shall be given once a week for two successive calendar weeks in a newspaper having general circulation in the area. The notice shall be published the first time not less than 10 days nor more than 25 days before the date fixed for the hearing. In computing such period, the day of publication is not to be included but the day of the hearing shall be included.

Section 15.1D of the Town's UDO states:

Notification of all public hearings shall be as follows:

1. **Newspaper Notice:** A notice shall be published in a newspa-per having general circulation in the Town once a week for two (2) successive weeks, the first notice to be published not less than ten (10) days nor more than 25 days prior to the date established for the hearing. The notice shall indicate the nature of the public hearing and the date, time and place at which it is to occur.

2. **Sign to be Posted:** A prominent sign shall be posted on the subject property(ies) beginning not less than ten (10) days nor more than 25 days prior to the date established for the hearing. Such notice shall state a phone number to contact during business hours for additional information. The sign shall remain until after the decision-making authority has ren-dered its final decision.

3. **First-Class Mail Notification:** A notice of the proposed action shall be sent by first class mail from the Administrator to the affected property owner and to all contiguous property owners within 200 feet.

Plaintiffs contend the Town failed to properly give "notification of all public hearings . . . ." as required by Section 15.1D of the Town's UDO. We disagree.

> The general requirement of notice and public hearing prior to the adoption or amending of a zoning ordinance is subject to modifi-

cation depending upon the substantiality of the change to be made following reconsideration.

Ordinarily, if the ordinance or amendment as finally adopted contains alterations substantially different (amounting to a new proposal) from those originally advertised and heard, there must be additional notice and opportunity for additional hearing. However, no further notice or hearing is required after a properly advertised and properly conducted public hearing when the alteration of the initial proposal is insubstantial. . . . Moreover, additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing.

When reconsideration is followed by a vote to confirm an ordinance previously adopted or by a vote to make insubstantial modifications in the adopted ordinance, further notice and hearing are not called for: residents are already apprised of its text and effect and the Council has had the benefit of hearing the public's viewpoints.

*Sofran Corp. v. City of Greensboro*, 327 N.C. 125, 130-31, 393 S.E.2d 767, 770 (1990) (internal citation and quotation omitted).

### 1. Newspaper Notice

On 22 March and 29 March 2006, the Town published in the "Eastern Wake News" a notice of public hearing to be held by the Council on 3 April 2006. The notice stated:

**ZMA-2-06 Village Park Commons:** Application requesting a Zoning Map Amendment to rezone 51.3-acres of the 56.8-acre parcel located on the south side of Knightdale Boulevard between Widewaters Parkway and Parkside Commons Drive and identified as Wake County PIN 1744.09 84 3240 from Highway business (HB) and Urban Residential (UR12) zoning districts to Highway Business Conditional District (HB CD) in order to subdivide the property into 11 lots and to develop a shopping center—community center with approximately 430,650 square feet of retail and commercial use. The remaining 5.5-acres are to be rezoned from Urban Residential (UR 12) zoning district to Urban Residential Conditional District (UR CD). The applicant is

identified as Michael F. King of Kennedy, Covington, Lobdell & Hickman, LLP on behalf of the developer Wakefield Associates. The property owner [sic] is identified as Jane Suggs and Norwood and Nancy Hargrove.

Based on our Supreme Court's reasoning in *Sofran Corp.*, we hold the 22 March and 29 March 2006 newspaper publications are legally sufficient so long as no substantial change to the proposed ordinance occurred as it moved toward passage and those interested parties were informed when the additional meetings would be held. 327 N.C. at 130-31, 393 S.E.2d at 770. Plaintiffs presented no evidence tending to show either a substantial change to the proposed ordinance occurred or that those interested parties were not informed when the additional meetings would be held.

### 2. Sign to be Posted

Plaintiffs admit a sign was posted on the right-of-way of Knightdale Boulevard adjacent to the tract of land in question, prior to the first public hearing before the Council on 3 April 2006, and that this sign remained until after the rezoning amendment to the ordinance was adopted. Plaintiffs contend the sign gave no indication that the Board would hold public hearings on 10 April 2006 and 12 June 2006 and that the sign does not comply with the requirements of N.C. Gen. Stat. § 160A-384.

Here, the sign posted was approximately twenty-four by thirty-six inches in size and read: "Town of Knightdale PUBLIC HEARING PROPERTY NOTICE—For More Information: [phone number]." The sign met all requirements of section 15.1D, subsection 2 of the Town's UDO. Under the terms of the Town's UDO, the sign need not give notice of dates of the Board's subsequent meetings.

N.C. Gen. Stat. § 160A-384(c) (2005) states, "[w]hen a zoning map amendment is proposed, the city shall prominently post a notice of the public hearing on the site proposed for rezoning or on an adjacent public street or highway right-of-way." The statute does not state any required contents of the notice of public hearing. Plaintiffs contend the posted notice requirements should be governed by the same standards used for that of published notice: the sign must fairly and sufficiently apprise those whose rights may be affected of the nature and character of the action proposed. *See Sellers v. City of Asheville*, 33 N.C. App. 544, 549, 236 S.E.2d 283, 286 (1977) ("To be adequate, the notice of public hearing required by G.S. 160A-364 must fairly and

sufficiently apprise those whose rights may be affected of the nature and character of the action proposed.").

We agree with the superior court's order that other notice methods are designed to give the public more specific information, while the posted sign is designed as part of the overall notice scheme to identify and locate the property that is the subject of the public hearing process. The superior court properly found the Town's posted notice sufficient to meet the requirements of N.C. Gen. Stat. § 160A-384(c) and section 15.1D of the Town's UDO.

### 3. First-Class Mail Notification

Plaintiffs argue a genuine issue of material fact exists regarding whether all eligible property owners received written notification and the Town should have sent written notice to all eligible property owners of each meeting held regarding the rezoning application.

N.C. Gen. Stat. § 160A-384(a) (2005) requires the person or persons, who mailed the notice of public hearing to all eligible property owners, to certify that the notification was sent. N.C. Gen. Stat. § 160A-384(a) further states that "such certificate shall be deemed conclusive in the absence of fraud." Here, on 21 June 2006, Sheila H. Hardin, the Town's Zoning Technician, certified to the Council that she had mailed notice to all properties in accordance with the provisions of N.C. Gen. Stat. § 160A-384 and section 15.1D of the Town's UDO.

Plaintiffs contend the affidavits of thirteen property owners, alleging they did not actually receive written notice from the Town, creates a genuine issue of material fact regarding whether the Town complied with its mail notification requirements. Plaintiffs have not alleged any fraud in the mailing on the part of the Town or the Town's Zoning Technician. In the absence of fraud, Ms. Hardin's 21 June 2006 affidavit is deemed conclusive that the Town complied with the notice requirements. The superior court properly concluded no genuine issue of material fact existed, regarding whether all eligible property owners received notification as required by N.C. Gen. Stat. § 160A-384 and section 15.1D of the Town's UDO.

Based on our Supreme Court's reasoning in *Sofran Corp.*, we hold that the original written notification sent to eligible property owners was legally sufficient so long as there was no substantial changes to the proposed ordinance as it moved toward passage and those interested parties were informed when the additional meetings

would be held. 327 N.C. at 130-31, 393 S.E.2d at 770. Plaintiffs presented no evidence that tended to show either a substantial change to the proposed ordinance occurred, that those interested were not informed when the additional meetings would be held, or that any fraud had occurred in the mailing of the notices.

### B. N.C. Gen. Stat. § 160A-382

[2] Plaintiffs argue N.C. Gen. Stat. § 160A-382 "allows the imposition of conditions that bring the project more into conformity with the requirements of the ordinance, but does not allow the Council to grant exceptions that lower the standards of the ordinance for a particular developer." We disagree.

N.C. Gen. Stat. § 160A-382(b) (2005) states:

[c]onditions and site-specific standards imposed in a conditional district shall be limited to those that address the conformance of the development and use of the site to city ordinances and an officially adopted comprehensive or other plan and those that address the impacts reasonably expected to be generated by the development or use of the site.

Plaintiffs contend the Town can only enforce the standards of an underlying district or more restrictive conditions, and N.C. Gen. Stat. § 160A-382 does not permit exceptions or decreased standards. We disagree. Section 15.17 of the Town's UDO states, "when a Conditional District is . . . require[d] . . . petitioners may also ask that certain standards identified be decreased." The challenged rezoning ordinance lists twenty exceptions, or "decreased" standards.

"[A] duly adopted zoning ordinance is presumed to be valid and the burden is on the complaining party to show it to be invalid." *Williams v. Town of Spencer*, 129 N.C. App. 828, 830-31, 500 S.E.2d 473, 475 (1998) (citing *Heaton v. City of Charlotte*, 277 N.C. 506, 513, 178 S.E.2d 352, 356 (1971)). Here, plaintiffs merely state, "[n]one of the[] [twenty] exceptions brings the development more into compliance with the ordinance or helps lessen the adverse impacts of this massive commercial project. In fact, they have exactly the opposite effect. Accordingly, they are inconsistent with the enabling act . . . ."

The superior court properly found the Town to have complied "with this enabling requirement by approving a conditional district in the [o]rdinance which meets the mandates of its UDO." We hold plaintiffs have failed to carry their burden to show the Town's ordinance to be invalid. This assignment of error is overruled.

V. Conclusion

Reviewing the superior court's order granting the Town's motion for summary judgment *de novo*, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that [the Town] is entitled to a judgment as a matter of law." *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661 (quotation omitted). The superior court's order granting the Town's motion for summary judgment is affirmed.

Affirmed.

Judges STEELMAN and ARROWOOD concur.